1   SEAN T. PROSSER (CA SBN 163903)
    SProsser@mofo.com
2   JAMES MANISCALCO (CA SBN 179386)
    JManiscalco@mofo.com
3   MORRISON & FOERSTER LLP
    555 West Fifth Street
4   Los Angeles, California 90013-1024
    Telephone:   213.892.5200
5   Facsimile:   213.892.5454

6

7   Attorneys for Defendants VESTIN REALTY
    MORTGAGE II, INC., (f/k/a) VESTIN FUND II, LLC,
8   and VESTIN MORTGAGE, INC.

9                UNITED STATES DISTRICT COURT

10           SOUTHERN DISTRICT OF CALIFORNIA

11  RICHARD G. GENTON, TRUSTEE OF THE        Case No. 06 CV 2517   BEN WMC
    RICHARD G. GENTON LIVING TRUST
12  DATED 06/05/01; MARIO O. LOPEZ AND       NOTICE OF REMOVAL
    ALICIA L. LOPEZ, TRUSTEES OF THE         PURSUANT TO 28 U.S.C. § 1441
13  LOPEZ FAMILY TRUST DATED 12/14/88;       BY DEFENDANTS VESTIN
    CHARLES M. FELTON AND SHARON D.          REALTY MORTGAGE II, INC.
14  FELTON, TRUSTEES OF THE FELTON           (F/K/A) VESTIN FUND II, LLC,
    FAMILY TRUST DATED 03/25/99; MARY P.     AND VESTIN MORTGAGE, INC.
15  FELTON, TRUSTEE OF THE MARY P.
16  FELTON TRUST, DATED 11/03/04;
    MARLOWE J. LANCASTER AND SHIRLEY C.
17  LANCASTER, TRUSTEES OF THE
18  LANCASTER FAMILY TRUST DATED
    06/27/90; RONALD LIGHTERINK; SHERON
19  LIGHTERINK; LUIS G. GUERRERO AND
20  EMILIA GUERRERO, TRUSTEES OF THE
    GUERRERO FAMILY TRUST DATED
21  12/19/96; DANIEL DEL FRATE AND MARION
22  DEL FRATE, TRUSTEES OF THE DEL FRATE
    LIVING TRUST DATED 09/14/99; RALPH H.
23  MCBRIDE, TRUSTEE OF THE RALPH H.
    MCBRIDE TRUST DATED 04/26/04; JANET S.
24  ANGELOFF; THOMAS L. DUEPPEN; JOYCE
25  B. DUEPPEN; JOEL E. JOBST, TRUSTEE OF
    THE JOBST FAMILY TRUST DATED
26  06/17/94; JOSEPH M. AMORIN; EMMET A.
    SJOBERG AND MARY M. SJOBERG,
27  TRUSTEES OF THE EMMET A. AND MARY
    M. SJOBERG TRUST DATED 05/02/95;
28

VESTIN'S NOTICE OF REMOVAL                    1
la-890501

06 NOV 16 PM 4: 02

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
PDC
                              DEPUTY



MICHAEL E. COX; FRANCIS COX; DERELL
L. HARMON; DENISE L. HARMON; JOAN L.
MILLER; DONALD G. MILLER; STAN J.
PROGAR; MAUREEN C. PROGAR; JANE
HALPERN; TODD E. STERLING; CLYDE
MERRITT; DARLENE MERRITT; and ROES 1
through 5000, inclusive,

                        Plaintiffs,

        v.

VESTIN REALTY MORTGAGE II, INC.,
(f/k/a) VESTIN FUND II, LLC, VESTIN
MORTGAGE, INC., and DOES 1 through 50,
Inclusive,

                        Defendants.

TO PLAINTIFFS, THEIR ATTORNEYS OF RECORD, AND THE CLERK OF

THE ABOVE-ENTITLED COURT:

        PLEASE TAKE NOTICE that defendants VESTIN REALTY MORTGAGE

II, INC. (f/k/a) VESTIN FUND II, LLC, and VESTIN MORTGAGE, INC.

("Vestin") hereby remove this action from the Superior Court of California, County

of San Diego to the United States District Court for the Central District of

California, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 & 1453.  The grounds for

removal are as follows:

## PROCEDURAL HISTORY

        1.      On October 13, 2006, the above-captioned Plaintiffs filed a civil action

in the Superior Court of California for San Diego County, entitled *Genton v. Vestin*

*Realty Mortgage II, Inc.* (Case No. GIC 873968) (the "Superior Court Action").  A

true copy of the complaint in the Superior Court Action is attached as Exhibit "A."

        2.      On or about October 19, 2006, Plaintiffs served the Superior Court

Action on Vestin.  True and correct copies of the summons received by Vestin are

attached as Exhibit "B."

1    3.    On November 9, 2006, Plaintiffs filed their First Amended Complaint

2  ("FAC") in the above-entitled action.  A true copy of the FAC is attached as Exhibit

3  "C."[1]

4                          **TIMELINESS OF REMOVAL**

5    4.    Vestin first received formal notice of the Superior Court Action,

6  through service of the summons and complaint on Vestin's registered agent for

7  service of process, on October 19, 2006.

8    5.    This Notice of Removal is timely under 28 U.S.C. § 1446(b), because

9  it has been filed within 30 days of service upon Vestin of the summons and

10  complaint.

11                   **VENUE IN THE SOUTHERN DISTRICT**

12    6.    Vestin files this Notice of Removal with the United States District

13  Court for the Southern District of California because Plaintiffs allege that the

14  Superior Court Action arose in the County of San Diego. (FAC ¶¶ 3-4, 27-28.)

15                  **BASIS FOR REMOVAL JURISDICTION**

16    7.    Generally.  The Superior Court Action is removable to this Court

17  pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2,

18  119 Stat. 4 (codified in relevant part at 28 U.S.C. §§ 1332(d) and 1453(b)) for at

19  least the following reasons:

20    8.    Covered Class Action.  Plaintiffs purport to prosecute the Superior

21  Court Action on behalf of a class of "all Vestin Fund II investors who voted against

22  the 'Roll-Up', whereby Vestin Fund II merged into Vestin Realty II."  (FAC ¶ 33.)

23  Plaintiffs allege that "there are at least 1000 members of the proposed class." (FAC

24  ¶ 34.) See 28 U.S.C. §§ 1332(d)(1) & (2), 1453(a) & (b).

25    9.    Diversity.  The Superior Court Action satisfies the minimum diversity

26  requirements of CAFA, 28 U.S.C. § 1332(d)(2)(A), for the following reasons:

27    _____

[1] As of the date of this filing, Defendants had not yet been served with the FAC.

28
VESTIN'S NOTICE OF REMOVAL                    3

1          a.      Defendant Vestin Realty Mortgage II, Inc. (f/k/a) Vestin Fund

2  II, LLC ("Vestin Realty Mortgage II") is a publicly traded real estate investment

3  trust.  It is a corporation organized and existing under the laws of the State of

4  Maryland with its principal place of business located in Las Vegas, Nevada.

5          b.      Defendant Vestin Mortgage, Inc. is a corporation organized and

6  existing under the laws of the State of Nevada and is licensed there as a mortgage

7  broker.

8          c.      Plaintiffs allege that the individual members of the purported

9  class are residents of California, Nevada, Texas, Washington, Wisconsin, Montana,

10  Rhode Island, New York, and New Mexico. (FAC ¶¶ 6-26.)

11      10.   <u>Matter in Controversy.</u>  This amount in controversy of this action

12  exceeds $5,000,000 and thereby satisfies the minimum amount in controversy for

13  removal under 28 U.S.C. § 1332(d)(2).  Plaintiffs allege that they suffered

14  "substantial investment losses" (FAC ¶ 37) and have brought causes of action for

15  breach of contract, breach of the implied covenant of good faith and fair dealing,

16  and elder abuse pursuant to California Civil Code § 1761. (FAC ¶¶ 41-52.)  While

17  Plaintiffs do not explicitly alleged the value of the matter in controversy, they are

18  seeking compensatory damages, punitive and exemplary damages (including treble

19  damages for elder abuse) and attorneys' fees as a result of their investment losses

20  and resulting harm. (*Id.*)  A fair reading of the FAC demonstrates that the amount in

21  controversy exceeds the jurisdictional minimum for removal.

22      11.   <u>No CAFA Exclusions.</u>  The Superior Court Action does not fall within

23  any of the exclusions to the removal jurisdiction recognized by 28 U.S.C. § 1332(d)

24  because Vestin is not a citizen of California, the state in which the Superior Court

25  Action was originally filed.

26  ///

27  ///

28

VESTIN'S NOTICE OF REMOVAL         4

**NOTICE PROVIDED TO STATE COURT AND ADVERSE PARTIES**

12.   Vestin is filing, on the date of this Notice, a copy of this Notice of Removal in the Superior Court of California, County of San Diego and will provide written notice of this Notice of Removal to Plaintiffs, as required by 28 U.S.C. §§ 1446(d) & 1453(b).  True and correct copies of the Notice to the Clerk of San Diego County Superior Court of Removal to Federal Court (without exhibits) and the Notice to Plaintiffs of Removal to Federal Court (without exhibits) that will be filed with the San Diego County Superior Court are attached hereto as Exhibits "D" and "E."

13.   In filing this Notice of Removal, Vestin does not waive any defenses that may be available to it in this action.

**CONCLUSION**

14.   Vestin respectfully requests that this Court exercise subject matter jurisdiction over the Superior Court Action; enter such orders and grant relief as may be necessary to secure removal and to prevent further proceedings in the Superior Court of California, County of San Diego; and grant to Vestin such further relief as is necessary to secure this Court's jurisdiction.

Dated:  November 16, 2006

SEAN T. PROSSER
JAMES P. MANISCALCO
MORRISON & FOERSTER LLP

By:  _James P. Maniscalco by KSG_
     James P. Maniscalco

Attorneys for Defendants
VESTIN REALTY MORTGAGE II,
INC., (f/k/a) VESTIN FUND II, LLC,
and VESTIN MORTGAGE, INC.

**CERTIFICATE OF SERVICE BY MAIL**
(Fed. R. Civ. Proc. rule 5(b))

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 12531 High Bluff Drive, San Diego, California 92130; I am not a party to the within cause; I am over the age of eighteen years and I am readily familiar with Morrison & Foerster's practice for collection and processing of correspondence for mailing with the United States Postal Service and know that in the ordinary course of Morrison & Foerster's business practice the document described below will be deposited with the United States Postal Service on the same date that it is placed at Morrison & Foerster with postage thereon fully prepaid for collection and mailing.

I further declare that on the date hereof I served a copy of:

**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441 BY DEFENDANTS VESTIN REALTY MORTGAGE II, INC. (F/K/A) VESTIN FUND II, LLC, AND VESTIN MORTGAGE, INC.**

on the following by placing a true copy thereof enclosed in a sealed envelope addressed as follows for collection and mailing at Morrison & Foerster LLP, 12531 High Bluff Drive, San Diego, California 92130, in accordance with Morrison & Foerster's ordinary business practices:

<u>Attorneys for Plaintiffs</u>

Erwin J. Shustak, Esq.
Thomas C. Frost, Esq.
John Cleary, Esq.
SHUSTAK & PARTNERS, P.C.
401 West "A" Street, Suite 2330
San Diego, CA 92101
Telephone:   (619) 696-9500
Facsimile:   (619) 615-5290

I declare under penalty of perjury that the above is true and correct.

Executed at San Diego, California, this 16th day of November, 2006.

_____          _____
          Stacy Vinagre                         (signature)
             (typed)

VESTIN'S NOTICE OF REMOVAL

la-890501

**EXHIBIT A**

GE/300.00/.

1  Erwin J. Shustak, Esq. (SBN 119152)
   Thomas C. Frost, Esq. (SBN 185187)
2  John Cleary, Esq. (SBN 187821)
   **SHUSTAK & PARTNERS, P.C.**
3  401 West "A" Street, Suite 2330
   San Diego, California 92101
4  Telephone: (619) 696.9500
   Facsimile: (619)615-5290
5
   Attorneys for Plaintiffs
6

7

8

9          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
               **FOR THE COUNTY OF SAN DIEGO**
10

11

12  RICHARD GENTON; MARIO LOPEZ;          Case No.:       **873968**
    CHARLES FELTON; SHARON
13  FELTON; MARY P. FELTON,
    TRUSTEE OF THE MARY P. FELTON         **CLASS ACTION**
14  TRUST, DATED 11/03/04; MARLOWE
    LANCASTER; SHIRLEY LANCASTER;
15  RONALD LIGHTERINK; SHERON             **COMPLAINT FOR BREACH OF**
    LIGHTERINK; LUIS GUERRERO;            **CONTRACT AGAINST VESTIN**
16  EMILIA GUERRERO; DANIEL DEL           **REALTY MORTGAGE II, INC., (f/k/a)**
    FRATE; MARION DEL FRATE; RALPH        **VESTIN FUND II, LLC, AND VESTIN**
17  H. MCBRIDE, JANET S. ANGELOFF;        **MORTGAGE, INC.**
    THOMAS L. DUEPPEN; JOYCE B.
18  DUEPPEN; JOEL E. JOBST; JOSEPH M.
    AMORIN; EMMET SJOBERG; MARY
19  SJOBERG; MICHAEL E. COX; DERELL
    HARMON; DENISE HARMON; JOAN
20  MILLER; DONALD MILLER;
    MAUREEN PROGAR; STAN PROGAR;
21  JANE HALPERN; TODD E. STERLING;
    and ROES 1 through 5000, inclusive,
22
                    Plaintiffs,
23
           vs.
24
    VESTIN REALTY MORTGAGE II, INC.,
25  (f/k/a) VESTIN FUND II, LLC, VESTIN
    MORTGAGE, INC., and DOES 1 through
26  50, Inclusive,

27                 Defendants.

28

FILED
CIVIL BUSINESS OFFICE 10
CENTRAL DIVISION

2006 OCT 13  P 4: 10

SUPERIOR COURT
SAN DIEGO, CA

SAN DIEGO SUPERIOR COURT
Date 10-16-06  Oper 16 JRN
Case No.    GIC873968
Receipt No. 020611-13077
Trans Type  AF
Allocations          Amount
GE                   320.00
Total Allocated      320.00
Tender CK   Amt      320.00
Tender      Amt
Total Amt Paid       320.00
Change Due             0.00

1      Plaintiffs, individually, and on behalf of all others similarly situated, allege the

2  following facts, based upon the investigation of Plaintiffs' counsel, which included, among

3  other things, witness interviews, a review of the Defendants' public documents, including

4  United States Securities and Exchange Commission ("SEC") filings, wire and press releases

5  published by and regarding Defendants, newspaper and other media reports, and information

6  readily obtainable on the Internet; Plaintiffs' counsel also reviewed Defendants'

7  correspondence with Plaintiffs, as well as the prospectuses, proxy statements, solicitation

8  letters, account opening documents, and agreements Defendants provided and entered into

9  with Plaintiffs:

10

11  **NATURE OF THE ACTION AND OVERVIEW**

12     1.    This action is brought as a class action pursuant to California Code of Civil

13  Procedure Section 382, on behalf of all investors who satisfy both of the following criteria:

14  (1) the investors must have owned securities of Vestin Fund II, LLC, referred to as

15  investment "Units", at the time Vestin Fund II, LLC, merged with Vestin Realty Mortgage II,

16  Inc., on or about March 31, 2006 (the "Roll-Up"); and (2) the investors must have voted

17  against the Roll-Up of Vestin Fund II, LLC.

18     2.    The Plaintiffs, individually, and on behalf of all class members, seek to pursue

19  remedies for Defendants' breach of the Vestin Fund II, LLC, Operating Agreement (the

20  "Operating Agreement"). The Operating Agreement specifically provided that, in the event

21  of a Roll-Up, Defendants must grant all investors who voted against the Roll-Up a pro-rata

22  share of the appraised net asset value of the company, but Defendants failed and refused to

23  pay all or any part of the amounts due to Plaintiffs, or to any of the class members, who all

24  voted against the Roll-Up.

25

26  **JURISDICTION AND VENUE**

27     3.    Many of the acts and transactions alleged herein occurred in substantial part in

28  this Judicial District. Defendants entered into many of the agreements relating to this

1   dispute, including the Vestin Fund II, LLC, Operating Agreement, within this Judicial

2   District, and Defendants' alleged breach of the Vestin Fund II, LLC, Operating Agreement

3   occurred, in substantial part, within this Judicial District.

4        4.    Defendants were licenced to conduct business, and actively conducted

5   business, within this Judicial District, at all relevant times, and Defendants maintained a

6   branch office in this Judicial District for purposes of servicing many of the class members'

7   investments in Vestin Fund II, LLC.

8        5.    Plaintiffs, collectively, and on behalf of all others similarly situated, seek

9   damages in excess of the jurisdictional minimum of this Court.

10

11   **THE PARTIES**

12        6.    Plaintiff RICHARD GENTON is an individual residing in Indian Wells,

13   California.

14        7.    Plaintiff MARIO LOPEZ is an individual residing in Long Beach, California.

15        8.    Plaintiffs CHARLES FELTON and SHARON FELTON are individuals

16   residing in Lodi, California.

17        9.    Plaintiff MARY P. FELTON is an individual residing in Lodi, California.

18   Plaintiff MARY P. FELTON brings this action on her own behalf and in her capacity as

19   trustee of the MARY P. FELTON TRUST DATED 11/03/04.

20        10.    Plaintiffs MARLOWE LANCASTER and SHIRLEY LANCASTER are

21   individuals residing in Novato, California.

22        11.    Plaintiffs RONALD LIGHTERINK and SHERON LIGHTERINK are

23   individuals residing in La Quinta, California.

24        12.    Plaintiffs LUIS GUERRERO and EMILIA GUERRERO are individuals

25   residing in Las Vegas, Nevada.

26        13.    Plaintiffs DANIEL DEL FRATE and MARION DEL FRATE are individuals

27   residing in Sparks, Nevada.

28

14. Plaintiff RALPH H. MCBRIDE is an individual residing in San Antonio, Texas.

15. Plaintiff JANET S. ANGELOFF is an individual residing in Marysville, Washington.

16. Plaintiffs THOMAS L. DUEPPEN and JOYCE B. DUEPPEN are individuals residing in Menomonee Falls, Wisconsin.

17. Plaintiff JOEL E. JOBST is an individual residing in Whitefish, Montana.

18. Plaintiff JOSEPH M. AMORIN is an individual residing in Cranston, Rhode Island.

19. Plaintiff EMMET SJOBERG and MARY SJOBERG are individuals residing in Oconomowoc, Wisconsin.

20. Plaintiff MICHAEL E. COX is an individual residing in Las Vegas, Nevada.

21. Plaintiffs DERELL HARMON and DENISE HARMON are individuals residing in Granbury, Texas.

22. Plaintiffs JOAN MILLER and DONALD MILLER are individuals residing in Pittsford, New York.

23. Plaintiffs MAUREEN PROGAR and STAN PROGAR are individuals residing in Henderson, Nevada.

24. Plaintiff JANE HALPERN is an individual residing in Albuquerque, New Mexico.

25. Plaintiff TODD E. STERLING is an individual residing in Las Vegas, Nevada.

26. Defendant Vestin Fund II, LLC ("Vestin Fund II"), existed at all relevant times as a Nevada limited liability company, with its principal place of business in Las Vegas, Nevada.  Vestin Fund II also maintained a branch office, at all relevant times, in La Jolla, California.  Vestin Fund II operated as an investment fund focused on mortgage loans, and actively solicited investments and conducted business in San Diego, California, and in various states across the country.  On or about March 31, 2006, Vestin Fund II, LLC, merged

4

1    into a publicly traded real estate investment trust, Vestin Realty Mortgage II, a Maryland

2    corporation ("Vestin Realty II").

3         27.    Defendant Vestin Realty II is a Maryland corporation with its principal place

4    of business in Las Vegas, Nevada.   Vestin Realty II is the successor in interest to all

5    obligations, powers, duties, responsibilities, and interests of Vestin Fund II.  Vestin Realty II

6    continues to actively solicit investments and conduct business in San Diego, California, and

7    in various states across the country, and its stock is publicly traded on the NASDAQ

8    Exchange.

9         28.    Defendant Vestin Mortgage, Inc., is a Nevada corporation licensed in Nevada

10   as a mortgage broker ("Vestin Mortgage").  Vestin Mortgage is the manager of Vestin Realty

11   II, formerly known as Vestin Fund II, and also acts as Vestin Realty II's mortgage broker in

12   connection with most, if not all of the loans originated, purchased and sold by Vestin Realty

13   II.

14        29.    Upon information and belief, each Defendant was the agent, employee,

15   successor in interest, and alter ego each other Defendant, and in doing the acts as herein

16   alleged, was acting within the course and scope of its authority as such with the expressed

17   and implied permission, instruction, knowledge, consent, and ratification of each other

18   Defendant.

19

20   **CLASS ACTION ALLEGATIONS**

21        30.    Plaintiffs bring this action in their individual capacities, and on behalf of all

22   persons similarly situated and damaged by Defendants' wrongful conduct alleged herein.

23   Such a representative action is necessary to prevent and remedy the unlawful conduct alleged

24   herein.

25        31.    This action is brought and may be properly maintained as a class action

26   pursuant to the provisions of California Code of Civil Procedure § 382.  Plaintiffs bring this

27   action on behalf of themselves and all members of the class, defined as follows: all Vestin

28

                                              5

1 Fund II investors who voted against the "Roll-Up", whereby Vestin Fund II merged into
2 Vestin Realty II, on or about March 31, 2006. Plaintiffs seek to pursue remedies for breach
3 of contract, based on Defendants' failure and refusal to offer or pay the Plaintiffs their pro-
4 rata share of the appraised net asset value of Vestin Fund II, pursuant to the Operating
5 Agreement. Excluded from the proposed class are Defendants, any entities in which any of
6 the Defendants has a controlling interest, and the officers, directors, affiliates, attorneys,
7 heirs, predecessors and successors in interest, subsidiaries, employees, agents and/or assigns
8 of any of the Defendants.

9      32.    The members of the class are so numerous that joinder of all members is
10 impracticable. While the exact number of class members is unknown to Plaintiffs at this time
11 and can only be ascertained through discovery, Plaintiffs believe that there are at least 1000
12 members of the proposed class.

13      33.    There is a well-defined community of interest among the members of the
14 proposed class. Plaintiffs, like all other members of the class, affirmatively voted against the
15 Roll-Up of Vestin Fund II. The Operating Agreement expressly provided that in the event of
16 a Roll-Up, each investor who voted against the Roll-Up was entitled to cash in an amount
17 equal to his/her pro-rata share of the appraised net asset value of the company. [1] A true and
18 correct copy of the Operating Agreement is attached hereto as Exhibit 1.

19      34.    More specifically, Section 13.2 of the Operating Agreement provides, in
20 relevant part:

21     "13.2 *Members' Rights in a Roll-Up.* If a Roll-Up is effected as to the
    Company, the Roll-Up Entity making the offer to the Company shall offer to
22     each Member who votes against the Roll-Up...cash in an amount equal to the
    Member's pro-rata share of the appraised Net Asset Value of the Company."
23     Exhibit 1, Operating Agreement § 13.2, at p. A-24-A25.

24 Defendants, however, failed and refused to provide the members of the class all or any part of
25 the amounts due under the Operating Agreement. Instead, Defendants unilaterally converted

26 _____

27 [1]     A "Roll-Up" is specifically defined in the Operating Agreement to include a merger
or conversion of the company into a real estate investment trust, such as Vestin Realty II.
28     Exhibit 1, Operating Agreement §§ 2.40-2.41, at pp. A-6, A-7.

1   the class members' Units of Vestin Fund II into an equivalent number of shares of Vestin

2   Realty II common stock, although Defendant knew, or reasonably should have known, that

3   the conversion would result in substantial investment losses to the members of the class.

4       35.     As a result of Defendants' wrongful conduct alleged herein, the class members

5   have all suffered the same or similar injury.  Between June 2001 and March 2006, the class

6   members purchased Units of Vestin Fund II for between $9.60 and $10.00 per Unit.  As of

7   the date of the Roll-Up, on or about March 31, 2006, the class members' pro-rata share of the

8   Net Asset Value of the company, as that term is defined in the Operating Agreement, and

9   according to Defendants' own publicly available accounting records, was $9.60 per Unit.  As

10  alleged above, Defendants failed to offer or pay any of the class members $9.60 per Unit, and

11  instead Defendants converted the class members' Units into shares of Vestin Realty II

12  common stock, which began trading on the NASDAQ exchange on or about May 1, 2006.

13  Since Vestin Realty II's initial public offering on or about May 1, 2006, Vestin Realty II's

14  stock has traded in the range of approximately $5.00 to $7.00 per share, resulting in

15  substantial investment losses to all of the class members, who were entitled to a minimum of

16  $9.60 per Unit on the date of the Roll-Up, pursuant to the express terms of the Operating

17  Agreement.  Additionally, the average daily trading volume of Vestin Realty II stock is well

18  below 45,000 shares, making it extremely difficult for class members to liquidate their

19  investments.

20      36.     The questions of law and fact at issue in this case are common to Plaintiffs

21  and all class members, and those questions predominate over any questions that may affect

22  individual members of the class.  The common question of fact central to this class action is

23  whether the conversion and merger of Vestin Fund II, LLC, into Vestin Realty II on March

24  31, 2006, constituted a "Roll-Up", as that term is defined in the Vestin Fund II, LLC,

25  Operating Agreement.  The common questions of law central to this class action include: (a)

26  whether Defendants breached a duty to offer and pay the class members their pro-rata share

27  of the appraised Net Asset Value of the Company; and (b) whether the class members are

28

7

1    entitled to recover damages as a result of Defendants' breach.

2        37.    Plaintiffs' claims will fairly and adequately represent and protect the interests

3    of the class. They have retained counsel with substantial experience in prosecuting public

4    investor lawsuits, and Plaintiffs and their counsel are committed to vigorously prosecuting

5    this action on behalf of the class and have the financial resources necessary to do so. Neither

6    Plaintiffs nor their counsel have any interest adverse to those of the class.

7        38.    A class action is superior to all other available methods for the fair and

8    efficient adjudication of this controversy since individual joinder of all members of the class

9    is impracticable. Further, as the damages suffered by each individual member of the class

10   may be relatively small, the expense and burden of individual litigation would make it

11   difficult or impossible for individual members of the class to redress the wrongs done to

12   them. The conduct of this action as a class action presents fewer management difficulties

13   than multiple trials of identical factual issues, and conserves the resources of the parties and

14   the court system and protects the rights of each class member.

15
                            **FIRST CAUSE OF ACTION**
16                          **AGAINST ALL DEFENDANTS**
                          **(FOR BREACH OF CONTRACT)**
17
         39.    Plaintiffs repeat and reallege each and every allegation set forth in paragraphs
18
     1 through 38 above as if more fully set forth at length herein.
19
         40.    Plaintiffs, and all class members, entered into the Operating Agreement with
20
     all Defendants. In accordance with Section 13.2 of the Operating Agreement, the Plaintiffs,
21
     and all members of the class, voted against the proposed Roll-Up, and they reasonably
22
     expected to exercise their *"Members' Rights in a Roll-Up"*. As set forth above, the
23
     *"Members' Rights in a Roll-Up"* provision of the Operating Agreement provided that each
24
     member of the company who voted against the Roll-Up was entitled to receive cash in an
25
     amount equal to his or her pro-rata share of the appraised Net Asset Value of the company.
26
         41.    By letter dated in or around February 2006, Defendants advised all Vestin
27
     Fund II investors that the *"Members Rights in a Roll-Up"* section of the Operating Agreement
28

                                            8

1   was unenforceable and did not apply to the merger of Vestin Fund II into Vestin Realty II.

2   Defendants failed and refused to explain how or why they arrived at this conclusion, and they

3   flatly refused to offer any of the class members a pro-rata share of the company's appraised

4   Net Asset Value.  Defendants thereby breached the Operating Agreement.

5       42.   As a result of Defendants' breach of the Operating Agreement, Plaintiffs and

6   all class members have suffered substantial damages in an amount to be proven at trial.

7       43.   Plaintiffs are ready, willing and able to tender, and do hereby tender, all of

8   their shares of Vestin Realty II stock which they received from Defendants in connection with

9   the Roll-Up, in exchange for rescission and restoration of the consideration paid therefor,

10   with statutory interest from the date of the investment to the date of rescission.

11

12                   **SECOND CAUSE OF ACTION**
                         **AGAINST ALL DEFENDANTS**
            **(FOR BREACH OF THE IMPLIED COVENANT**

13                **OF GOOD FAITH AND FAIR DEALING)**

14       44.   Plaintiffs repeat and reallege each and every allegation set forth in paragraphs

15   1 through 43 above as if more fully set forth at length herein.

16       45.   Implicit in the Operating Agreement is a covenant by Defendants to act in

17   good faith and deal fairly with Plaintiffs and all Vestin Fund II investors.

18       46.   As a result of the wrongful conduct, alleged above, Defendants breached their

19   implied covenant of good faith and fair dealing, and thereby proximately caused Plaintiffs,

20   and all members of the class, to sustain substantial investment losses and other damages in an

21   amount to be proven at trial.

22

23                    **THIRD CAUSE OF ACTION**
                    **AGAINST ALL DEFENDANTS**
                 **(FOR ELDER ABUSE)**

24

25       47.   Plaintiffs repeat and reallege each and every allegation set forth in paragraphs

    1 through 46 above as if more fully set forth at length herein.

26

27       48.   Many of the Plaintiffs and members of the class are senior citizens, pursuant

    to California Civil Code § 1761, and other applicable States' laws.

28

49.     As a result of the class members' age and condition, and inability to comprehend the Operating Agreement and other terms of the Vestin Fund II investment, they were substantially more vulnerable than other members of the public to financial abuse. Defendants knew, or reasonably should have known, that the class members were entitled to exercise their *"Members Rights in a Roll-Up"*, pursuant to the express terms of the Operating Agreement,  pro-rata share of the company's appraised Net Asset Value.  Defendants, however, advised the class members, in bad faith, that the *"Members Rights in a Roll-Up"* section of the Operating Agreement was unenforceable and did not apply to the merger of Vestin Fund II into Vestin Realty II.  Defendants thereby engaged in the financial abuse of elders, with the intent and purpose to exploit their age and vulnerability.

50.     Pursuant to California Welfare & Institution Code § 15657.5, and California Civil Code § 3345, as well as other applicable States' Elder Abuse Statutes, the trier of fact herein is authorized to award treble damages, reasonable attorneys fees, and costs of suit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief and judgment as follows:

(a) For certification of this action as a plaintiff class action as set forth herein, pursuant to California Code of Civil Procedure § 382;

(b) For an award of compensatory damages in an amount to be proven at trial, including prejudgment interest thereon;

(c) For an award of reasonable attorneys fees and costs incurred in this action as permitted by law;

(d) For an award of punitive and exemplary damages in an amount appropriate to punish and make an example of Defendants;

(e) For an award of treble damages pursuant to applicable States' Elder Abuse Statutes; and

(f) Such other and further relief as the Court may deem just and proper.

10

1

2    **JURY TRIAL DEMANDED**

3    Plaintiffs, on behalf of themselves and all class members, hereby demand a trial by jury.

4

5    Respectfully Submitted,

6    Dated: October 12, 2006              **SHUSTAK & PARTNERS, P.C.**

7

8                                         By: _____
                                              Erwin J. Shustak, Esq.
9                                             Thomas C. Frost, Esq.
                                              John Cleary, Esq.
10                                            Attorneys for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                         11

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
VESTIN REALTY MORTGAGE II, INC. (f/k/a) VESTIN FUND II,
LLC, VESTIN MORTGAGE, INC., and DOES 1 through 50 inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
RICHARD GENTON; MARIO LOPEZ; CHARLES FELTON;
SHARON FELTON; MARY P. FELTON, TRUSTEE OF THE MARY
Additional Parties Attachment Form is attached

FILED
FOR COURT USE ONLY
CIVIL BUSINESS OFFICE 10
(SOLO PARA USO DE LA CORTE)
CENTRAL DIVISION

2006 OCT 13  P 4 11

SUPERIOR COURT
COUNTY, CA

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you.  Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response.  You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Diego Superior Court, Hall of Justice<br>330 West Broadway<br>San Diego, CA 92101 | CASE NUMBER:<br>*(Número del Caso):*<br>873968 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Erwin Shustak, Esq. and Thomas Frost, Esq. (619-696-9500)
401 West A Street, Suite 2330, San Diego, CA 92101

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* OCT 7 8 2006 | Clerk, by<br>*(Secretario)* | COPY | , Deputy<br>*(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Vestin Realty Mortgage II, Inc. (f/k/a) VESTIN FUND II, LLC.

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Richard Genton, et al. v. Vestin Realty Mortgage II, Inc., et al. | 873968 |

## INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party):*

[✓] Plaintiff   [ ] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

P. FELTON TRUST, DATED 11/03/04; MARLOWE LANCASTER; SHIRLEY LANCASTER; RONALD LIGHTERINK; SHERON LIGHTERINK; LUIS GUERRERO; EMILIA GUERRERO; DANIEL DEL FRATE; MARION DEL FRATE; RALPH H. MCBRIDE,; JANET S. ANGELOFF; THOMAS L. DUEPPEN; JOYCE B. DUEPPEN; JOEL E. JOBST; JOSEPH M. AMORIN; EMMET SJOBERG; MARY SJOBERG; MICHAEL E. COX; DERELL HARMON; DENISE HARMON; JOAN MILLER; DONALD MILLER; MAUREEN PROGAR; STAN PROGAR; JANE HALPERN; TODD E. STERLING; and ROES 1 through 5000, inclusive.

Form Adopted by Rale 982(a)(9)(A)
Judicial Council of California
982(a)(9)(A) (New January 1, 1993)

## ADDITIONAL PARTIES ATTACHMENT
.Attachment to Summons

American LegalNet, Inc.
www.USCourtForms.com

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
CIVIL BUSINESS OFFICE 10
CENTRAL DIVISION

2006 OCT 13  P  4: 11

SUPERIOR COURT
SAN DIEGO, CA

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
VESTIN REALTY MORTGAGE II, INC. (f/k/a) VESTIN FUND II,
LLC, VESTIN MORTGAGE, INC., and DOES 1 through 50 inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
RICHARD GENTON; MARIO LOPEZ; CHARLES FELTON;
SHARON FELTON; MARY P. FELTON, TRUSTEE OF THE MARY
Additional Parties Attachment Form is attached

> You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
>
> There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

> *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
>
> *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Diego Superior Court, Hall of Justice<br>330 West Broadway<br>San Diego, CA 92101 | CASE NUMBER:<br>*(Número del Caso):*  873963 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Erwin Shustak, Esq. and Thomas Frost, Esq. (619-696-9500)
401 West A Street, Suite 2330, San Diego, CA 92101

| DATE:<br>*(Fecha)*  OCT 1 3 2006 | Clerk, by<br>*(Secretario)* COPY | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

(SEAL)

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Vestin Mortgage, Inc.

   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465<br>American LegalNet, Inc.  www.USCourtForms.com

| SHORT TITLE: | CASE NUMBER: | |
|---|---|---|
| Richard Genton, et al. v. Vestin Realty Mortgage II, Inc., et al. | | 873966 |

### INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party)*:

| [✓] Plaintiff | [ ] Defendant | [ ] Cross-Complainant | [ ] Cross-Defendant |

P. FELTON TRUST, DATED 11/03/04; MARLOWE LANCASTER; SHIRLEY LANCASTER; RONALD LIGHTERINK; SHERON LIGHTERINK; LUIS GUERRERO; EMILIA GUERRERO; DANIEL DEL FRATE; MARION DEL FRATE; RALPH H. MCBRIDE,; JANET S. ANGELOFF; THOMAS L. DUEPPEN; JOYCE B. DUEPPEN; JOEL E. JOBST; JOSEPH M. AMORIN; EMMET SJOBERG; MARY SJOBERG; MICHAEL E. COX; DERELL HARMON; DENISE HARMON; JOAN MILLER; DONALD MILLER; MAUREEN PROGAR; STAN PROGAR; JANE HALPERN; TODD E. STERLING; and ROES 1 through 5000, inclusive.

Page __1__ of __1__

Form Adopted by Rule 982(a)(9)(A)
Judicial Council of California
982(a)(9)(A) [New January 1, 1989]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

American LegalNet, Inc.
www.USCourtForms.com

**EXHIBIT  C**

1509.01

1  Erwin J. Shustak, Esq. (SBN 119152)
   Thomas C. Frost, Esq. (SBN 185187)
2  John Cleary, Esq. (SBN 187821)
   **SHUSTAK & PARTNERS, P.C.**
3  401 West "A" Street, Suite 2330
   San Diego, California 92101
4  Telephone: (619) 696.9500
   Facsimile: (619) 615-5290
5
   Attorneys for Plaintiffs
6

7

8

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
                   **FOR THE COUNTY OF SAN DIEGO**
10

11 RICHARD G. GENTON, TRUSTEE OF        Case No.: GIC 873968
   THE RICHARD G. GENTON LIVING
12 TRUST DATED 06/05/01; MARIO O.
   LOPEZ AND ALICIA L. LOPEZ,           **CLASS ACTION**
13 TRUSTEES OF THE LOPEZ FAMILY
   TRUST DATED 12/14/88; CHARLES M.
14 FELTON AND SHARON D. FELTON,         **FIRST AMENDED COMPLAINT**
   TRUSTEES OF THE FELTON FAMILY        **AGAINST VESTIN REALTY**
15 TRUST DATED 03/25/99; MARY P.        **MORTGAGE II, INC., (f/k/a) VESTIN**
   FELTON, TRUSTEE OF THE MARY P.       **FUND II, LLC, AND VESTIN**
16 FELTON TRUST, DATED 11/03/04;        **MORTGAGE, INC., FOR:**
   MARLOWE J. LANCASTER AND
17 SHIRLEY C. LANCASTER, TRUSTEES       **1.  BREACH OF CONTRACT;**
   OF THE LANCASTER FAMILY TRUST
18 DATED 06/27/90; RONALD               **2.  BREACH OF THE IMPLIED**
   LIGHTERINK; SHERON LIGHTERINK;           **COVENANT OF GOOD FAITH AND**
19 LUIS G. GUERRERO AND EMILIA              **FAIR DEALING; AND**
   GUERRERO, TRUSTEES OF THE
20 GUERRERO FAMILY TRUST DATED         **3.  ELDER ABUSE**
   12/19/96; DANIEL DEL FRATE AND
21 MARION DEL FRATE, TRUSTEES OF
   THE DEL FRATE LIVING TRUST,          Judge:            Hon. Joan M. Lewis
22 DATED 09/14/99; RALPH H. MCBRIDE,    Dept.:            65
   TRUSTEE OF THE RALPH H. MCBRIDE      Complaint filed:  October 13, 2006
23 TRUST DATED 04/26/04; JANET S.       Trial date:       None
   ANGELOFF; THOMAS L. DUEPPEN;
24 JOYCE B. DUEPPEN; JOEL E. JOBST,
   TRUSTEE OF THE JOBST FAMILY
25 TRUST DATED 06/17/94; JOSEPH M.
   AMORIN; EMMET A. SJOBERG AND
26 MARY M. SJOBERG, TRUSTEES OF
   THE EMMET A. AND MARY M.
27 SJOBERG TRUST, DATED 05/02/95;
   MICHAEL E. COX; FRANCES COX;
28 DERELL L. HARMON; DENISE L.
   HARMON; JOAN L. MILLER; DONALD

1   G. MILLER; STAN J. PROGAR;
    MAUREEN C. PROGAR; JANE
2   HALPERN; TODD E. STERLING; CLYDE
    MERRITT; DARLENE MERRITT; and
3   ROES 1 through 5000, inclusive,

4            Plaintiffs,

5       vs.

6   VESTIN REALTY MORTGAGE II, INC.,
    (f/k/a) VESTIN FUND II, LLC, VESTIN
7   MORTGAGE, INC., and DOES 1 through
    ·50, Inclusive,
8
             Defendants.
9   _____/

10          Plaintiffs, individually, and on behalf of all others similarly situated, allege the

11  following facts, based upon the investigation of Plaintiffs' counsel, which included, among

12  other things, witness interviews, a review of the Defendants' public documents, including

13  United States Securities and Exchange Commission ("SEC") filings, wire and press releases

14  published by and regarding Defendants, newspaper and other media reports, and information

15  readily obtainable on the Internet; Plaintiffs' counsel also reviewed Defendants'

16  correspondence with Plaintiffs, as well as the prospectuses, proxy statements, solicitation

17  letters, account opening documents, and agreements Defendants provided and entered into

18  with Plaintiffs:

19  **NATURE OF THE ACTION AND OVERVIEW**

20          1.      This action is brought as a class action pursuant to California Code of Civil

21  Procedure Section 382, on behalf of all investors who satisfy both of the following criteria:

22  (1) the investors must have owned securities of Vestin Fund II, LLC, referred to as

23  investment "Units", at the time Vestin Fund II, LLC, merged with Vestin Realty Mortgage II,

24  Inc., on or about March 31, 2006 (the "Roll-Up"); and (2) the investors must have voted

25  against the Roll-Up of Vestin Fund II, LLC.

26          2.      The Plaintiffs, individually, and on behalf of all class members, seek to pursue

27  remedies for Defendants' breach of the Vestin Fund II, LLC, Operating Agreement (the

28  "Operating Agreement"). The Operating Agreement specifically provided that, in the event

1   of a Roll-Up, Defendants must grant all investors who voted against the Roll-Up a pro-rata

2   share of the appraised net asset value of the company, but Defendants failed and refused to

3   pay all or any part of the amounts due to Plaintiffs, or to any of the class members, who all

4   voted against the Roll-Up.

5   **JURISDICTION AND VENUE**

6        3.     Many of the acts and transactions alleged herein occurred in substantial part in

7   this Judicial District.  Defendants entered into many of the agreements relating to this

8   dispute, including the Vestin Fund II, LLC, Operating Agreement, within this Judicial

9   District, and Defendants' alleged breach of the Vestin Fund II, LLC, Operating Agreement

10   occurred, in substantial part, within this Judicial District.

11        4.     Defendants were licenced to conduct business, and actively conducted

12   business, within this Judicial District, at all relevant times, and Defendants maintained a

13   branch office in this Judicial District for purposes of servicing many of the class members'

14   investments in Vestin Fund II, LLC.

15        5.     Plaintiffs, collectively, and on behalf of all others similarly situated, seek

16   damages in excess of the jurisdictional minimum of this Court.

17   **THE PARTIES**

18        6.     Plaintiff RICHARD G. GENTON is an individual residing in Indian Wells,

19   California.  Plaintiff RICHARD G. GENTON brings this action on his own behalf and in his

20   capacity as trustee of the RICHARD G. GENTON LIVING TRUST DATED 06/05/01.

21        7.     Plaintiffs MARIO O. LOPEZ and ALICIA L. LOPEZ are individuals residing

22   in Long Beach, California.  Plaintiffs MARIO O. LOPEZ and ALICIA L. LOPEZ bring this

23   action in their individual capacities and in their capacities as trustees of the LOPEZ FAMILY

24   TRUST DATED 12/14/88.

25        8.     Plaintiffs CHARLES M. FELTON and SHARON D. FELTON are individuals

26   residing in Lodi, California.  Plaintiffs CHARLES M. FELTON and SHARON D. FELTON

27   bring this action in their individual capacities and in their capacities as trustees of the

28

3

1    FELTON FAMILY TRUST DATED 03/25/99.

2        9.     Plaintiff MARY P. FELTON is an individual residing in Lodi, California.

3 Plaintiff MARY P. FELTON brings this action on her own behalf and in her capacity as

4 trustee of the MARY P. FELTON TRUST DATED 11/03/04.

5        10.    Plaintiffs MARLOWE LANCASTER and SHIRLEY LANCASTER are

6 individuals residing in Novato, California.  Plaintiffs MARLOWE LANCASTER and

7 SHIRLEY LANCASTER bring this action in their individual capacities and in their

8 capacities as trustees of the LANCASTER FAMILY TRUST DATED 06/27/90.

9        11.    Plaintiffs RONALD LIGHTERINK and SHERON LIGHTERINK are

10 individuals residing in La Quinta, California.

11        12.    Plaintiffs LUIS GUERRERO and EMILIA GUERRERO are individuals

12 residing in Las Vegas, Nevada.  Plaintiffs LUIS GUERRERO and EMILIA GUERRERO

13 bring this action in their individual capacities and in their capacities as trustees of the

14 GUERRERO FAMILY TRUST DATED 12/19/96.

15        13.    Plaintiffs DANIEL DEL FRATE and MARION DEL FRATE are individuals

16 residing in Sparks, Nevada.  Plaintiffs DANIEL DEL FRATE and MARION DEL FRATE

17 bring this action in their individual capacities and in their capacities as trustees of the DEL

18 FRATE LIVING TRUST DATED 09/14/99.

19        14.    Plaintiff RALPH H. MCBRIDE is an individual residing in San Antonio,

20 Texas.  Plaintiff RALPH H. MCBRIDE brings this action on his own behalf and in his

21 capacity as trustee of the RALPH H. MCBRIDE TRUST DATED 04/26/04.

22        15.    Plaintiff JANET S. ANGELOFF is an individual residing in Marysville,

23 Washington.

24        16.    Plaintiffs THOMAS L. DUEPPEN and JOYCE B. DUEPPEN are individuals

25 residing in Menomonee Falls, Wisconsin.

26        17.    Plaintiff JOEL E. JOBST is an individual residing in Whitefish, Montana.

27 Plaintiff JOEL E. JOBST brings this action on his own behalf and in his capacity as trustee of

28 the JOBST FAMILY TRUST DATED 06/17/94.

18.     Plaintiff JOSEPH M. AMORIN is an individual residing in Cranston, Rhode Island.

19.     Plaintiffs EMMET A. SJOBERG and MARY M. SJOBERG are individuals residing in Oconomowoc, Wisconsin.  Plaintiffs EMMET A. SJOBERG and MARY M. SJOBERG bring this action in their individual capacities and in their capacities as trustees of the EMMET A. AND MARY M. SJOBERG TRUST DATED 05/02/95.

20.     Plaintiffs MICHAEL E. COX and FRANCES COX are individuals residing in Las Vegas, Nevada.

21.     Plaintiffs DERELL L. HARMON and DENISE L. HARMON are individuals residing in Granbury, Texas.

22.     Plaintiffs JOAN L. MILLER and DONALD G. MILLER are individuals residing in Pittsford, New York.

23.     Plaintiffs STAN J. PROGAR and MAUREEN C. PROGAR are individuals residing in Henderson, Nevada.

24.     Plaintiff JANE HALPERN is an individual residing in Albuquerque, New Mexico.

25.     Plaintiff TODD E. STERLING is an individual residing in Las Vegas, Nevada.

26.     Plaintiffs CLYDE MERRITT and DARLENE MERRITT are individuals residing in Weatherford, Texas.

27.     Defendant Vestin Fund II, LLC ("Vestin Fund II"), existed at all relevant times as a Nevada limited liability company, with its principal place of business in Las Vegas, Nevada.  Vestin Fund II also maintained a branch office, at all relevant times, in La Jolla, California.  Vestin Fund II operated as an investment fund focused on mortgage loans, and actively solicited investments and conducted business in San Diego, California, and in various states across the country.  On or about March 31, 2006, Vestin Fund II, LLC, merged into a publicly traded real estate investment trust, Vestin Realty Mortgage II, a Maryland

5

corporation ("Vestin Realty II").

28.   Defendant Vestin Realty II is a Maryland corporation with its principal place of business in Las Vegas, Nevada.   Vestin Realty II is the successor in interest to all obligations, powers, duties, responsibilities, and interests of Vestin Fund II.  Vestin Realty II continues to actively solicit investments and conduct business in San Diego, California, and in various states across the country, and its stock is publicly traded on the NASDAQ Exchange.

29.   Defendant Vestin Mortgage, Inc., is a Nevada corporation licensed in Nevada as a mortgage broker ("Vestin Mortgage").  Vestin Mortgage is the manager of Vestin Realty II, formerly known as Vestin Fund II, and also acts as Vestin Realty II's mortgage broker in connection with most, if not all of the loans originated, purchased and sold by Vestin Realty II.

30.   Plaintiffs are currently unaware of the specific identities of the Defendants named as DOES 1 through 50, inclusive.  As soon as Plaintiffs become aware of more specific information regarding these Defendants, Plaintiffs will promptly amend the Complaint accordingly.

31.   Upon information and belief, each Defendant was the agent, employee, successor in interest, and alter ego each other Defendant, and in doing the acts as herein alleged, was acting within the course and scope of its authority as such with the expressed and implied permission, instruction, knowledge, consent, and ratification of each other Defendant.

## CLASS ACTION ALLEGATIONS

32.   Plaintiffs bring this action in their individual capacities, and on behalf of all persons similarly situated and damaged by Defendants' wrongful conduct alleged herein. Such a representative action is necessary to prevent and remedy the unlawful conduct alleged herein.

33.   This action is brought and may be properly maintained as a class action

6

1   pursuant to the provisions of California Code of Civil Procedure § 382.  Plaintiffs bring this

2   action on behalf of themselves and all members of the class, defined as follows: all Vestin

3   Fund II investors who voted against the "Roll-Up", whereby Vestin Fund II merged into

4   Vestin Realty II, on or about March 31, 2006.  Plaintiffs seek to pursue remedies for breach

5   of contract, based on Defendants' failure and refusal to offer or pay the Plaintiffs their pro-

6   rata share of the appraised net asset value of Vestin Fund II, pursuant to the Operating

7   Agreement.  Excluded from the proposed class are Defendants, any entities in which any of

8   the Defendants has a controlling interest, and the officers, directors, affiliates, attorneys,

9   heirs, predecessors and successors in interest, subsidiaries, employees, agents and/or assigns

10   of any of the Defendants.

11         34.     The members of the class are so numerous that joinder of all members is

12   impracticable.  While the exact number of class members is unknown to Plaintiffs at this time

13   and can only be ascertained through discovery, Plaintiffs believe that there are at least 1000

14   members of the proposed class.

15         35.     There is a well-defined community of interest among the members of the

16   proposed class.  Plaintiffs, like all other members of the class, affirmatively voted against the

17   Roll-Up of Vestin Fund II.  The Operating Agreement expressly provided that in the event of

18   a Roll-Up, each investor who voted against the Roll-Up was entitled to cash in an amount

19   equal to his/her pro-rata share of the appraised net asset value of the company. [1]   A true and

20   correct copy of the Operating Agreement is attached hereto as Exhibit 1.

21         36.     More specifically, Section 13.2 of the Operating Agreement provides, in

22   relevant part:

23         "13.2 *Members' Rights in a Roll-Up.*  If a Roll-Up is effected as to the
         Company, the Roll-Up Entity making the offer to the Company shall offer to
24         each Member who votes against the Roll-Up...cash in an amount equal to the
         Member's pro-rata share of the appraised Net Asset Value of the Company."
25         Exhibit 1, Operating Agreement § 13.2, at p. A-24-A25.

26   _____

27   [1]      A "Roll-Up" is specifically defined in the Operating Agreement to include a merger
     or conversion of the company into a real estate investment trust, such as Vestin Realty II.
28   Exhibit 1, Operating Agreement §§ 2.40-2.41, at pp. A-6, A-7.

7

1   Defendants, however, failed and refused to provide the members of the class all or any part of

2   the amounts due under the Operating Agreement. Instead, Defendants unilaterally converted

3   the class members' Units of Vestin Fund II into an equivalent number of shares of Vestin

4   Realty II common stock, although Defendants knew, or reasonably should have known, that

5   the conversion would result in substantial investment losses to the members of the class.

6       37.     As a result of Defendants' wrongful conduct alleged herein, the class members

7   have all suffered the same or similar injury. Between June 2001 and March 2006, the class

8   members purchased Units of Vestin Fund II for between $9.60 and $10.00 per Unit. As of

9   the date of the Roll-Up, on or about March 31, 2006, the class members' pro-rata share of the

10  Net Asset Value of the company, as that term is defined in the Operating Agreement, and

11  according to Defendants' own publicly available accounting records, was $9.60 per Unit. As

12  alleged above, Defendants failed to offer or pay any of the class members $9.60 per Unit, and

13  instead Defendants converted the class members' Units into shares of Vestin Realty II

14  common stock, which began trading on the NASDAQ exchange on or about May 1, 2006.

15  Since Vestin Realty II's initial public offering on or about May 1, 2006, Vestin Realty II's

16  stock has traded in the range of approximately $5.00 to $7.00 per share, resulting in

17  substantial investment losses to all of the class members, who were entitled to a minimum of

18  $9.60 per Unit on the date of the Roll-Up, pursuant to the express terms of the Operating

19  Agreement. Additionally, the average daily trading volume of Vestin Realty II stock is well

20  below 45,000 shares, making it extremely difficult for class members to liquidate their

21  investments.

22      38.     The questions of law and fact at issue in this case are common to Plaintiffs

23  and all class members, and those questions predominate over any questions that may affect

24  individual members of the class. The common question of fact central to this class action is

25  whether the conversion and merger of Vestin Fund II, LLC, into Vestin Realty II on March

26  31, 2006, constituted a "Roll-Up", as that term is defined in the Vestin Fund II, LLC,

27  Operating Agreement. The common questions of law central to this class action include: (a)

28

8

1  whether Defendants breached a duty to offer and pay the class members their pro-rata share

2  of the appraised Net Asset Value of the Company; and (b) whether the class members are

3  entitled to recover damages as a result of Defendants' breach.

4       39.    Plaintiffs' claims will fairly and adequately represent and protect the interests

5  of the class. They have retained counsel with substantial experience in prosecuting public

6  investor lawsuits, and Plaintiffs and their counsel are committed to vigorously prosecuting

7  this action on behalf of the class and have the financial resources necessary to do so. Neither

8  Plaintiffs nor their counsel have any interest adverse to those of the class.

9       40.    A class action is superior to all other available methods for the fair and

10  efficient adjudication of this controversy since individual joinder of all members of the class

11  is impracticable. Further, as the damages suffered by each individual member of the class

12  may be relatively small, the expense and burden of individual litigation would make it

13  difficult or impossible for individual members of the class to redress the wrongs done to

14  them. The conduct of this action as a class action presents fewer management difficulties

15  than multiple trials of identical factual issues, and conserves the resources of the parties and

16  the court system and protects the rights of each class member.

17

18                       **FIRST CAUSE OF ACTION**
                        **AGAINST ALL DEFENDANTS**
19                      **(FOR BREACH OF CONTRACT)**

20       41.    Plaintiffs repeat and reallege each and every allegation set forth in paragraphs

21  1 through 40 above as if more fully set forth at length herein.

22       42.    Plaintiffs, and all class members, entered into the Operating Agreement with

23  all Defendants. In accordance with Section 13.2 of the Operating Agreement, the Plaintiffs,

24  and all members of the class, voted against the proposed Roll-Up, and they reasonably

expected to exercise their "*Members' Rights in a Roll-Up*". As set forth above, the
25
"*Members' Rights in a Roll-Up*" provision of the Operating Agreement provided that each
26
member of the company who voted against the Roll-Up was entitled to receive cash in an
27
amount equal to his or her pro-rata share of the appraised Net Asset Value of the company.
28

43.    By letter dated in or around February 2006, Defendants advised all Vestin Fund II investors that the "*Members Rights in a Roll-Up*" section of the Operating Agreement was unenforceable and did not apply to the merger of Vestin Fund II into Vestin Realty II. Defendants failed and refused to explain how or why they arrived at this conclusion, and they flatly refused to offer any of the class members a pro-rata share of the company's appraised Net Asset Value. Defendants thereby breached the Operating Agreement.

44.    As a result of Defendants' breach of the Operating Agreement, Plaintiffs and all class members have suffered substantial damages in an amount to be proven at trial.

45.    Plaintiffs are ready, willing and able to tender, and do hereby tender, all of their shares of Vestin Realty II stock which they received from Defendants in connection with the Roll-Up, in exchange for rescission and restoration of the consideration paid therefor, with statutory interest from the date of the investment to the date of rescission.

### SECOND CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
### (FOR BREACH OF THE IMPLIED COVENANT
### OF GOOD FAITH AND FAIR DEALING)

46.    Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 45 above as if more fully set forth at length herein.

47.    Implicit in the Operating Agreement is a covenant by Defendants to act in good faith and deal fairly with Plaintiffs and all Vestin Fund II investors.

48.    As a result of the wrongful conduct, alleged above, Defendants breached their implied covenant of good faith and fair dealing, and thereby proximately caused Plaintiffs, and all members of the class, to sustain substantial investment losses and other damages in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
### (FOR ELDER ABUSE)

49.    Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 48 above as if more fully set forth at length herein.

10

50. Many of the Plaintiffs and members of the class are senior citizens, pursuant to California Civil Code § 1761, and other applicable States' laws.

51. As a result of the class members' age and condition, and inability to comprehend the Operating Agreement and other terms of the Vestin Fund II investment, they were substantially more vulnerable than other members of the public to financial abuse. Defendants knew, or reasonably should have known, that the class members were entitled to exercise their "*Members Rights in a Roll-Up*" and receive their pro-rata share of the company's appraised Net Asset Value. Defendants, however, advised the class members, in bad faith, that the "*Members Rights in a Roll-Up*" section of the Operating Agreement was unenforceable and did not apply to the merger of Vestin Fund II into Vestin Realty II. Defendants thereby engaged in the financial abuse of elders, with the intent and purpose to exploit their age and vulnerability.

52. Pursuant to California Welfare & Institution Code § 15657.5, and California Civil Code § 3345, as well as other applicable States' Elder Abuse Statutes, the trier of fact herein is authorized to award treble damages, reasonable attorneys fees, and costs of suit.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief and judgment as follows:

(a) For certification of this action as a plaintiff class action as set forth herein, pursuant to California Code of Civil Procedure § 382;

(b) For an award of compensatory damages in an amount to be proven at trial, including prejudgment interest thereon;

(c) For an award of reasonable attorneys fees and costs incurred in this action as permitted by law;

(d) For an award of punitive and exemplary damages in an amount appropriate to punish and make an example of Defendants;

(e) For an award of treble damages pursuant to applicable States' Elder Abuse

1    Statutes; and

2         (f) Such other and further relief as the Court may deem just and proper.

3

4    **JURY TRIAL DEMANDED**

5    Plaintiffs, on behalf of themselves and all class members, hereby demand a trial by jury.

6

7    Respectfully Submitted,

8    Dated: November 9, 2006                **SHUSTAK & PARTNERS, P.C.**

9

10                                   By: _____

11                                        Erwin J. Shustak, Esq.
                                          Thomas C. Frost, Esq.
12                                        John Cleary, Esq.
                                          Attorneys for Plaintiffs

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12

1     SEAN T. PROSSER (CA SBN 163903)
    SProsser@mofo.com
2     JAMES MANISCALCO (CA SBN 179386)
    JManiscalco@mofo.com
3     MORRISON & FOERSTER LLP
4     555 West Fifth Street
    Los Angeles, California 90013-1024
5     Telephone:    213.892.5200
6     Facsimile:    213.892.5454

7     Attorneys for Defendants
    VESTIN REALTY MORTGAGE II, INC. (f/k/a) VESTIN
8     FUND II, LLC, and VESTIN MORTGAGE, INC.

9             SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                   COUNTY OF SAN DIEGO

11

| | |
|---|---|
| 12   RICHARD G. GENTON, TRUSTEE OF THE RICHARD G. GENTON LIVING TRUST DATED 06/05/01; MARIO O. LOPEZ AND ALICIA L. LOPEZ, TRUSTEES OF THE LOPEZ FAMILY TRUST DATED 12/14/88; CHARLES M. FELTON AND SHARON D. FELTON, TRUSTEES OF THE FELTON FAMILY TRUST DATED 03/25/99; MARY P. FELTON, TRUSTEE OF THE MARY P. FELTON TRUST, DATED 11/03/04; MARLOWE J. LANCASTER AND SHIRLEY C. LANCASTER, TRUSTEES OF THE LANCASTER FAMILY TRUST DATED 06/27/90; RONALD LIGHTERINK; SHERON LIGHTERINK; LUIS G. GUERRERO AND EMILIA GUERRERO, TRUSTEES OF THE GUERRERO FAMILY TRUST DATED 12/19/96; DANIEL DEL FRATE AND MARION DEL FRATE, TRUSTEES OF THE DEL FRATE LIVING TRUST DATED 09/14/99; RALPH H. MCBRIDE, TRUSTEE OF THE RALPH H. MCBRIDE TRUST DATED 04/26/04; JANET S. ANGELOFF; THOMAS L. DUEPPEN; JOYCE B. DUEPPEN; JOEL E. JOBST, TRUSTEE OF THE JOBST FAMILY TRUST DATED 06/17/94; JOSEPH M. AMORIN; EMMET A. SJOBERG AND MARY M. SJOBERG, TRUSTEES OF THE EMMET A. AND MARY | Case No.   GIC 873968 <br><br>**NOTICE TO CLERK OF SAN DIEGO COUNTY SUPERIOR COURT OF REMOVAL TO FEDERAL COURT BY DEFENDANTS VESTIN REALTY MORTGAGE II, INC. (F/K/A) VESTIN FUND II, LLC, AND VESTIN MORTGAGE, INC.** |

NOTICE OF REMOVAL TO FEDERAL COURT

1  M. SJOBERG TRUST DATED 05/02/95;
   MICHAEL E. COX; FRANCIS COX; DERELL
2  L. HARMON; DENISE L. HARMON; JOAN L.
   MILLER; DONALD G. MILLER; STAN J.
3  PROGAR; MAUREEN C. PROGAR; JANE
   HALPERN; TODD E. STERLING; CLYDE
4  MERRITT; DARLENE MERRITT; and ROES 1
   through 5000, inclusive,
5

6

7                    Plaintiffs,

       v.
8
   VESTIN REALTY MORTGAGE II, INC., (f/k/a)
9  VESTIN FUND II, LLC, VESTIN MORTGAGE,
   INC., and DOES 1 through 50, Inclusive,
10
                     Defendants.
11

12

13     **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

14     **PLEASE TAKE NOTICE** that on November16, 2006, pursuant to 28 U.S.C. § 1446(d),

15  defendants VESTIN REALTY MORTGAGE II, INC. (f/k/a) VESTIN FUND II, LLC, VESTIN

16  MORTGAGE, INC. ("Vestin") filed a Notice of Removal in the offices of the Clerk of the United

17  States District Court for the Southern District of California.  A copy of the Notice of Removal

18  (without exhibits) is attached hereto as Exhibit "A," and is served and filed herewith.

19     Section 1446(d) provides that this Court need take no further action with respect to this

20  case "unless and until the case is remanded."

21  Dated: November 16, 2006            SEAN T. PROSSER
                                        JAMES P. MANISCALCO
22                                      MORRISON & FOERSTER LLP

23

24                                      By: _James Maniscalco_
                                             James P. Maniscalco
25

26                                      Attorneys for Defendants
                                        VESTIN REALTY MORTGAGE II, INC.,
27                                      (f/k/a) VESTIN FUND II, LLC, and VESTIN
                                        MORTGAGE, INC.

28

la-890502                    2

NOTICE OF REMOVAL TO FEDERAL COURT

1

## PROOF OF SERVICE

2       I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address
is 12531 High Bluff Drive, San Diego, California 92130. I am not a party to the within cause,

3   and I am over the age of eighteen years. I further declare that on November 16, 2006, I served a
copy of:

4

5   **NOTICE TO CLERK OF SAN DIEGO COUNTY SUPERIOR COURT OF
REMOVAL TO FEDERAL COURT**

6

7   ☐   **BY FACSIMILE [Code Civ. Proc sec. 1013(e)]** by sending a true copy from

8       Morrison & Foerster LLP's facsimile transmission telephone number 213.892.5454 to
the fax number(s) set forth below, or as stated on the attached service list. The

9       transmission was reported as complete and without error. The transmission report
was properly issued by the transmitting facsimile machine.

10

11       I am readily familiar with Morrison & Foerster LLP's practice for sending facsimile
transmissions, and know that in the ordinary course of Morrison & Foerster LLP's

12       business practice the document(s) described above will be transmitted by facsimile
on the same date that it (they) is (are) placed at Morrison & Foerster LLP for

13       transmission.

14   ☒   **BY U.S. MAIL [Code Civ. Proc sec. 1013(a)]** by placing a true copy thereof
enclosed in a sealed envelope with postage thereon fully prepaid, addressed as

15       follows, for collection and mailing at Morrison & Foerster LLP, 12531 High Bluff
Drive, San Diego, California 92130 in accordance with Morrison & Foerster LLP's

16       ordinary business practices.

17       I am readily familiar with Morrison & Foerster LLP's practice for collection and

18       processing of correspondence for mailing with the United States Postal Service, and
know that in the ordinary course of Morrison & Foerster LLP's business practice the

19       document(s) described above will be deposited with the United States Postal
Service on the same date that it (they) is (are) placed at Morrison & Foerster LLP

20       with postage thereon fully prepaid for collection and mailing.

21   ☐   **BY OVERNIGHT DELIVERY [Code Civ. Proc sec. 1013(d)]** by placing a true

22       copy thereof enclosed in a sealed envelope with delivery fees provided for,
addressed as follows, for collection by UPS, at 555 West Fifth Street, Los Angeles,

23       California 90013-1024 in accordance with Morrison & Foerster LLP's ordinary
business practices.

24

25       I am readily familiar with Morrison & Foerster LLP's practice for collection and
processing of correspondence for overnight delivery and know that in the ordinary

26       course of Morrison & Foerster LLP's business practice the document(s) described
above will be deposited in a box or other facility regularly maintained by UPS or

27       delivered to an authorized courier or driver authorized by UPS to receive documents
on the same date that it (they) is are placed at Morrison & Foerster LLP for collection.

28   la-890502

☐ **BY PERSONAL SERVICE [Code Civ. Proc sec. 1011]** by placing a true copy thereof enclosed in a sealed envelope addressed as follows for collection and delivery at the mailroom of Morrison & Foerster LLP, causing personal delivery of the document(s) listed above to the person(s) at the address(es) set forth below.

I am readily familiar with Morrison & Foerster LLP's practice for the collection and processing of documents for hand delivery and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be taken from Morrison & Foerster LLP's mailroom and hand delivered to the document's addressee (or left with an employee or person in charge of the addressee's office) on the same date that it is placed at Morrison & Foerster LLP's mailroom.

☐ **BY ELECTRONIC SERVICE [Code Civ. Proc sec. 1010.6]** by electronically mailing a true and correct copy  through Morrison & Foerster LLP's electronic mail system to the e-mail address(s) set  forth below, or as stated on the attached service list per agreement in accordance with Code of Civil Procedure section 1010.6.

<u>Attorneys for Plaintiffs</u>

Erwin J. Shustak, Esq.
Thomas C. Frost, Esq.
John Cleary, Esq.
SHUSTAK & PARTNERS, P.C.
401 West "A" Street, Suite 2330
San Diego, CA  92101
Telephone:     (619) 696-9500
Facsimile:      (619) 615-5290

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at San Diego, California, this 16th day of November, 2006.

_____            _____
        Stacy Vinagre                              *Stacy Vinagre* (signature)
          (typed)                                        (signature)

la-890502

---

NOTICE OF REMOVAL TO FEDERAL COURT

1  SEAN T. PROSSER (CA SBN 163903)
   SProsser@mofo.com
2  JAMES MANISCALCO (CA SBN 179386)
   JManiscalco@mofo.com
3  MORRISON & FOERSTER LLP
   555 West Fifth Street
4  Los Angeles, California  90013-1024
   Telephone:   213.892.5200
5  Facsimile:   213.892.5454
6

7  Attorneys for Defendants VESTIN REALTY
   MORTGAGE II, INC., (f/k/a) VESTIN FUND II, LLC,
8  and VESTIN MORTGAGE, INC.

9                    UNITED STATES DISTRICT COURT

10                 SOUTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| RICHARD G. GENTON, TRUSTEE OF THE RICHARD G. GENTON LIVING TRUST DATED 06/05/01; MARIO O. LOPEZ AND ALICIA L. LOPEZ, TRUSTEES OF THE LOPEZ FAMILY TRUST DATED 12/14/88; CHARLES M. FELTON AND SHARON D. FELTON, TRUSTEES OF THE FELTON FAMILY TRUST DATED 03/25/99; MARY P. FELTON, TRUSTEE OF THE MARY P. FELTON TRUST, DATED 11/03/04; MARLOWE J. LANCASTER AND SHIRLEY C. LANCASTER, TRUSTEES OF THE LANCASTER FAMILY TRUST DATED 06/27/90; RONALD LIGHTERINK; SHERON LIGHTERINK; LUIS G. GUERRERO AND EMILIA GUERRERO, TRUSTEES OF THE GUERRERO FAMILY TRUST DATED 12/19/96; DANIEL DEL FRATE AND MARION DEL FRATE, TRUSTEES OF THE DEL FRATE LIVING TRUST DATED 09/14/99; RALPH H. MCBRIDE, TRUSTEE OF THE RALPH H. MCBRIDE TRUST DATED 04/26/04; JANET S. ANGELOFF; THOMAS L. DUEPPEN; JOYCE B. DUEPPEN; JOEL E. JOBST, TRUSTEE OF THE JOBST FAMILY TRUST DATED 06/17/94; JOSEPH M. AMORIN; EMMET A. SJOBERG AND MARY M. SJOBERG, TRUSTEES OF THE EMMET A. AND MARY M. SJOBERG TRUST DATED 05/02/95; | Case No.  **NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441 BY DEFENDANTS VESTIN REALTY MORTGAGE II, INC. (F/K/A) VESTIN FUND II, LLC, AND VESTIN MORTGAGE, INC.** |

1  MICHAEL E. COX; FRANCIS COX; DERELL
   L. HARMON; DENISE L. HARMON; JOAN L.
2  MILLER; DONALD G. MILLER; STAN J.
   PROGAR; MAUREEN C. PROGAR; JANE
3  HALPERN; TODD E. STERLING; CLYDE
   MERRITT; DARLENE MERRITT; and ROES 1
4  through 5000, inclusive,
5
                    Plaintiffs,
6       v.
7  VESTIN REALTY MORTGAGE II, INC.,
   (f/k/a) VESTIN FUND II, LLC, VESTIN
8  MORTGAGE, INC., and DOES 1 through 50,
   Inclusive,
9
10                  Defendants.
11
12  TO PLAINTIFFS, THEIR ATTORNEYS OF RECORD, AND THE CLERK OF

13  THE ABOVE-ENTITLED COURT:

14       PLEASE TAKE NOTICE that defendants VESTIN REALTY MORTGAGE

15  II, INC. (f/k/a) VESTIN FUND II, LLC, and VESTIN MORTGAGE, INC.

16  ("Vestin") hereby remove this action from the Superior Court of California, County

17  of San Diego to the United States District Court for the Central District of

18  California, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 & 1453.  The grounds for

19  removal are as follows:

20                    **PROCEDURAL HISTORY**

21       1.    On October 13, 2006, the above-captioned Plaintiffs filed a civil action

22  in the Superior Court of California for San Diego County, entitled *Genton v. Vestin*

23  *Realty Mortgage II, Inc.* (Case No. GIC 873968) (the "Superior Court Action").  A

24  true copy of the complaint in the Superior Court Action is attached as Exhibit "A."

25       2.    On or about October 19, 2006, Plaintiffs served the Superior Court

26  Action on Vestin.  True and correct copies of the summons received by Vestin are

27  attached as Exhibit "B."

28
    VESTIN'S NOTICE OF REMOVAL                      2

    la-890501

3.     On November 9, 2006, Plaintiffs filed their First Amended Complaint ("FAC") in the above-entitled action.  A true copy of the FAC is attached as Exhibit "C."[1]

## TIMELINESS OF REMOVAL

4.     Vestin first received formal notice of the Superior Court Action, through service of the summons and complaint on Vestin's registered agent for service of process, on October 19, 2006.

5.     This Notice of Removal is timely under 28 U.S.C. § 1446(b), because it has been filed within 30 days of service upon Vestin of the summons and complaint.

## VENUE IN THE SOUTHERN DISTRICT

6.     Vestin files this Notice of Removal with the United States District Court for the Southern District of California because Plaintiffs allege that the Superior Court Action arose in the County of San Diego. (FAC ¶¶ 3-4, 27-28.)

## BASIS FOR REMOVAL JURISDICTION

7.     Generally.  The Superior Court Action is removable to this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in relevant part at 28 U.S.C. §§ 1332(d) and 1453(b)) for at least the following reasons:

8.     Covered Class Action.  Plaintiffs purport to prosecute the Superior Court Action on behalf of a class of "all Vestin Fund II investors who voted against the 'Roll-Up', whereby Vestin Fund II merged into Vestin Realty II."  (FAC ¶ 33.) Plaintiffs allege that "there are at least 1000 members of the proposed class." (FAC ¶ 34.) See 28 U.S.C. §§ 1332(d)(1) & (2), 1453(a) & (b).

9.     Diversity.  The Superior Court Action satisfies the minimum diversity requirements of CAFA, 28 U.S.C. § 1332(d)(2)(A), for the following reasons:

---

[1] As of the date of this filing, Defendants had not yet been served with the FAC.

a.     Defendant Vestin Realty Mortgage II, Inc. (f/k/a) Vestin Fund II, LLC ("Vestin Realty Mortgage II") is a publicly traded real estate investment trust.  It is a corporation organized and existing under the laws of the State of Maryland with its principal place of business located in Las Vegas, Nevada.

b.     Defendant Vestin Mortgage, Inc. is a corporation organized and existing under the laws of the State of Nevada and is licensed there as a mortgage broker.

c.     Plaintiffs allege that the individual members of the purported class are residents of California, Nevada, Texas, Washington, Wisconsin, Montana, Rhode Island, New York, and New Mexico. (FAC ¶¶ 6-26.)

10.    <u>Matter in Controversy.</u>  This amount in controversy of this action exceeds $5,000,000 and thereby satisfies the minimum amount in controversy for removal under 28 U.S.C. § 1332(d)(2).  Plaintiffs allege that they suffered "substantial investment losses" (FAC ¶ 37) and have brought causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, and elder abuse pursuant to California Civil Code § 1761. (FAC ¶¶ 41-52.)  While Plaintiffs do not explicitly alleged the value of the matter in controversy, they are seeking compensatory damages, punitive and exemplary damages (including treble damages for elder abuse) and attorneys' fees as a result of their investment losses and resulting harm. (*Id.*)  A fair reading of the FAC demonstrates that the amount in controversy exceeds the jurisdictional minimum for removal.

11.    <u>No CAFA Exclusions.</u>  The Superior Court Action does not fall within any of the exclusions to the removal jurisdiction recognized by 28 U.S.C. § 1332(d) because Vestin is not a citizen of California, the state in which the Superior Court Action was originally filed.

///

///

**NOTICE PROVIDED TO STATE COURT AND ADVERSE PARTIES**

12.     Vestin is filing, on the date of this Notice, a copy of this Notice of Removal in the Superior Court of California, County of San Diego and will provide written notice of this Notice of Removal to Plaintiffs, as required by 28 U.S.C. §§ 1446(d) & 1453(b).  True and correct copies of the Notice to the Clerk of San Diego County Superior Court of Removal to Federal Court (without exhibits) and the Notice to Plaintiffs of Removal to Federal Court (without exhibits) that will be filed with the San Diego County Superior Court are attached hereto as Exhibits "D" and "E."

13.     In filing this Notice of Removal, Vestin does not waive any defenses that may be available to it in this action.

**CONCLUSION**

14.     Vestin respectfully requests that this Court exercise subject matter jurisdiction over the Superior Court Action; enter such orders and grant relief as may be necessary to secure removal and to prevent further proceedings in the Superior Court of California, County of San Diego; and grant to Vestin such further relief as is necessary to secure this Court's jurisdiction.

Dated:  November 16, 2006          SEAN T. PROSSER
                                   JAMES P. MANISCALCO
                                   MORRISON & FOERSTER LLP


                          By:  _James P. Maniscalco by KSG_
                                   James P. Maniscalco

                                   Attorneys for Defendants
                                   VESTIN REALTY MORTGAGE II,
                                   INC., (f/k/a) VESTIN FUND II, LLC,
                                   and VESTIN MORTGAGE, INC.

## CERTIFICATE OF SERVICE BY MAIL
### (Fed. R. Civ. Proc. rule 5(b))

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 12531 High Bluff Drive, San Diego, California 92130; I am not a party to the within cause; I am over the age of eighteen years and I am readily familiar with Morrison & Foerster's practice for collection and processing of correspondence for mailing with the United States Postal Service and know that in the ordinary course of Morrison & Foerster's business practice the document described below will be deposited with the United States Postal Service on the same date that it is placed at Morrison & Foerster with postage thereon fully prepaid for collection and mailing.

I further declare that on the date hereof I served a copy of:

**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441 BY DEFENDANTS VESTIN REALTY MORTGAGE II, INC. (F/K/A) VESTIN FUND II, LLC, AND VESTIN MORTGAGE, INC.**

on the following by placing a true copy thereof enclosed in a sealed envelope addressed as follows for collection and mailing at Morrison & Foerster LLP, 12531 High Bluff Drive, San Diego, California 92130, in accordance with Morrison & Foerster's ordinary business practices:

<u>Attorneys for Plaintiffs</u>

Erwin J. Shustak, Esq.
Thomas C. Frost, Esq.
John Cleary, Esq.
SHUSTAK & PARTNERS, P.C.
401 West "A" Street, Suite 2330
San Diego, CA 92101
Telephone:   (619) 696-9500
Facsimile:   (619) 615-5290

I declare under penalty of perjury that the above is true and correct.

Executed at San Diego, California, this 16th day of November, 2006.

_____        _____
Stacy Vinagre                                    (signature)
(typed)

VESTIN'S NOTICE OF REMOVAL

la-890501

**EXHIBIT E**

1   SEAN T. PROSSER (CA SBN 163903)
    SProsser@mofo.com
2   JAMES MANISCALCO (CA SBN 179386)
    JManiscalco@mofo.com
3   MORRISON & FOERSTER LLP
4   555 West Fifth Street
    Los Angeles, California  90013-1024
5   Telephone:    213.892.5200
    Facsimile:    213.892.5454
6

7   Attorneys for Defendants
    VESTIN REALTY MORTGAGE II, INC. (f/k/a) VESTIN
8   FUND II, LLC, and VESTIN MORTGAGE, INC.

9                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                             COUNTY OF SAN DIEGO

11

12   RICHARD G. GENTON, TRUSTEE OF THE          Case No.    GIC 873968
     RICHARD G. GENTON LIVING TRUST
13   DATED 06/05/01; MARIO O. LOPEZ AND         **NOTICE TO PLAINTIFFS**
     ALICIA L. LOPEZ, TRUSTEES OF THE           **OF REMOVAL TO FEDERAL**
14   LOPEZ FAMILY TRUST DATED 12/14/88;         **COURT BY DEFENDANTS**
                                                **VESTIN REALTY MORTGAGE**
15   CHARLES M. FELTON AND SHARON D.            **II, INC. (F/K/A) VESTIN FUND II,**
     FELTON, TRUSTEES OF THE FELTON             **LLC, AND VESTIN MORTGAGE,**
16   FAMILY TRUST DATED 03/25/99; MARY          **INC.**
     P. FELTON, TRUSTEE OF THE MARY P.
17   FELTON TRUST, DATED 11/03/04;
     MARLOWE J. LANCASTER AND
18   SHIRLEY C. LANCASTER, TRUSTEES OF
     THE LANCASTER FAMILY TRUST
19   DATED 06/27/90; RONALD LIGHTERINK;
     SHERON LIGHTERINK; LUIS G.
20   GUERRERO AND EMILIA GUERRERO,
     TRUSTEES OF THE GUERRERO FAMILY
21   TRUST DATED 12/19/96; DANIEL DEL
     FRATE AND MARION DEL FRATE,
22   TRUSTEES OF THE DEL FRATE LIVING
     TRUST DATED 09/14/99; RALPH H.
23   MCBRIDE, TRUSTEE OF THE RALPH H.
     MCBRIDE TRUST DATED 04/26/04;
24   JANET S. ANGELOFF; THOMAS L.
     DUEPPEN; JOYCE B. DUEPPEN; JOEL E.
25   JOBST, TRUSTEE OF THE JOBST
     FAMILY TRUST DATED 06/17/94;
26   JOSEPH M. AMORIN; EMMET A.
27

28

la-890508                              1

| | |
|---|---|
| 1 | SJOBERG AND MARY M. SJOBERG, TRUSTEES OF THE EMMET A. AND |
| 2 | MARY M. SJOBERG TRUST DATED 05/02/95; MICHAEL E. COX; FRANCIS |
| 3 | COX; DERELL L. HARMON; DENISE L. |
| 4 | HARMON; JOAN L. MILLER; DONALD G. MILLER; STAN J. PROGAR; MAUREEN C. |
| 5 | PROGAR; JANE HALPERN; TODD E. STERLING; CLYDE MERRITT; DARLENE |
| 6 | MERRITT; and ROES 1 through 5000, |
| 7 | inclusive, |

8                           Plaintiffs,

9            v.

10   VESTIN REALTY MORTGAGE II, INC., (f/k/a)
     VESTIN FUND II, LLC, VESTIN MORTGAGE,

11   INC., and DOES 1 through 50, Inclusive,

12                           Defendants.

13

14        TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

15        PLEASE TAKE NOTICE that, on November 16, 2006, pursuant to 28 U.S.C. § 1446(d),

16   Defendants VESTIN REALTY MORTGAGE II, INC. (f/k/a) VESTIN FUND II, LLC, and

17   VESTIN MORTGAGE, INC. ("Vestin") filed a Notice of Removal in the offices of the Clerk of

18   the United States District Court for the Southern District of California. A true and correct copy of

19   said Notice of Removal (without exhibits) is attached hereto as Exhibit "A" and is served and

20   filed herewith.

21   Dated: November 16, 2006              SEAN T. PROSSER
                                           JAMES P. MANISCALCO
22                                         MORRISON & FOERSTER LLP

23

24                                         By: _James Maniscalco_
                                                James P. Maniscalco
25

26                                         Attorneys for Defendants
                                           VESTIN REALTY MORTGAGE II, INC.
27                                         (f/k/a) VESTIN FUND II, LLC, and VESTIN
                                           MORTGAGE, INC.

28

**PROOF OF SERVICE**

     I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 12531 High Bluff Drive, Suite 100, San Diego, California  92130.  I am not a party to the within cause, and I am over the age of eighteen years.

     I further declare that on November 16, 2006, I served a copy of:

**NOTICE TO PLAINTIFFS OF REMOVAL TO FEDERAL COURT**

☐   **BY FACSIMILE [Code Civ. Proc sec. 1013(e)]** by sending a true copy from Morrison & Foerster LLP's facsimile transmission telephone number 213.892.5454 to the fax number(s) set forth below, or as stated on the attached service list.  The transmission was reported as complete and without error.  The transmission report was properly issued by the transmitting facsimile machine.

     I am readily familiar with Morrison & Foerster LLP's practice for sending facsimile transmissions, and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be transmitted by facsimile on the same date that it (they) is (are) placed at Morrison & Foerster LLP for transmission.

☒   **BY U.S. MAIL [Code Civ. Proc sec. 1013(a)]** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, addressed as follows, for collection and mailing at Morrison & Foerster LLP, 12531 High Bluff Drive, San Diego, California  92130 in accordance with Morrison & Foerster LLP's ordinary business practices.

     I am readily familiar with Morrison & Foerster LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service, and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be deposited with the United States Postal Service on the same date that it (they) is (are) placed at Morrison & Foerster LLP with postage thereon fully prepaid for collection and mailing.

☐   **BY OVERNIGHT DELIVERY [Code Civ. Proc sec. 1013(d)]** by placing a true copy thereof enclosed in a sealed envelope with delivery fees provided for, addressed as follows, for collection by UPS, at 555 West Fifth Street, Los Angeles, California  90013-1024 in accordance with Morrison & Foerster LLP's ordinary business practices.

     I am readily familiar with Morrison & Foerster LLP's practice for collection and processing of correspondence for overnight delivery and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be deposited in a box or other facility regularly maintained by UPS or delivered to an authorized courier or driver authorized by UPS to receive documents on the same date that it (they) is are placed at Morrison & Foerster LLP for collection.

la-890502

☐ **BY PERSONAL SERVICE [Code Civ. Proc sec. 1011]** by placing a true copy thereof enclosed in a sealed envelope addressed as follows for collection and delivery at the mailroom of Morrison & Foerster LLP, causing personal delivery of the document(s) listed above to the person(s) at the address(es) set forth below.

I am readily familiar with Morrison & Foerster LLP's practice for the collection and processing of documents for hand delivery and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be taken from Morrison & Foerster LLP's mailroom and hand delivered to the document's addressee (or left with an employee or person in charge of the addressee's office) on the same date that it is placed at Morrison & Foerster LLP's mailroom.

☐ **BY ELECTRONIC SERVICE [Code Civ. Proc sec. 1010.6]** by electronically mailing a true and correct copy  through Morrison & Foerster LLP's electronic mail system to the e-mail address(s) set  forth below, or as stated on the attached service list per agreement in accordance with Code of Civil Procedure section 1010.6.

<u>Attorneys for Plaintiffs</u>

Erwin J. Shustak, Esq.
Thomas C. Frost, Esq.
John Cleary, Esq.
SHUSTAK & PARTNERS, P.C.
401 West "A" Street, Suite 2330
San Diego, CA  92101
Telephone:     (619) 696-9500
Facsimile:      (619) 615-5290

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at San Diego, California, this 16th day of November, 2006.

_____          _____
          Stacy Vinagre                                      _Stacy Vinagre_
            (typed)                                              (signature)

la-890502

---

NOTICE TO PLAINTIFFS OF REMOVAL TO FEDERAL COURT

1   SEAN T. PROSSER (CA SBN 163903)
    SProsser@mofo.com
2   JAMES MANISCALCO (CA SBN 179386)
    JManiscalco@mofo.com
3   MORRISON & FOERSTER LLP
4   555 West Fifth Street
    Los Angeles, California  90013-1024
5   Telephone:   213.892.5200
    Facsimile:   213.892.5454
6

7   Attorneys for Defendants VESTIN REALTY
    MORTGAGE II, INC., (f/k/a) VESTIN FUND II, LLC,
8   and VESTIN MORTGAGE, INC.

9                       UNITED STATES DISTRICT COURT

10                    SOUTHERN DISTRICT OF CALIFORNIA

11  RICHARD G. GENTON, TRUSTEE OF THE          Case No.
12  RICHARD G. GENTON LIVING TRUST
    DATED 06/05/01; MARIO O. LOPEZ AND         **NOTICE OF REMOVAL**
13  ALICIA L. LOPEZ, TRUSTEES OF THE           **PURSUANT TO 28 U.S.C. § 1441**
    LOPEZ FAMILY TRUST DATED 12/14/88;         **BY DEFENDANTS VESTIN**
14  CHARLES M. FELTON AND SHARON D.            **REALTY MORTGAGE II, INC.**
    FELTON, TRUSTEES OF THE FELTON             **(F/K/A) VESTIN FUND II, LLC,**
15  FAMILY TRUST DATED 03/25/99; MARY P.       **AND VESTIN MORTGAGE, INC.**
16  FELTON, TRUSTEE OF THE MARY P.
    FELTON TRUST, DATED 11/03/04;
17  MARLOWE J. LANCASTER AND SHIRLEY C.
18  LANCASTER, TRUSTEES OF THE
    LANCASTER FAMILY TRUST DATED
19  06/27/90; RONALD LIGHTERINK; SHERON
    LIGHTERINK; LUIS G. GUERRERO AND
20  EMILIA GUERRERO, TRUSTEES OF THE
    GUERRERO FAMILY TRUST DATED
21  12/19/96; DANIEL DEL FRATE AND MARION
22  DEL FRATE, TRUSTEES OF THE DEL FRATE
    LIVING TRUST DATED 09/14/99; RALPH H.
23  MCBRIDE, TRUSTEE OF THE RALPH H.
    MCBRIDE TRUST DATED 04/26/04; JANET S.
24  ANGELOFF; THOMAS L. DUEPPEN; JOYCE
25  B. DUEPPEN; JOEL E. JOBST, TRUSTEE OF
    THE JOBST FAMILY TRUST DATED
26  06/17/94; JOSEPH M. AMORIN; EMMET A.
    SJOBERG AND MARY M. SJOBERG,
27  TRUSTEES OF THE EMMET A. AND MARY
    M. SJOBERG TRUST DATED 05/02/95;
28

1  MICHAEL E. COX; FRANCIS COX; DERELL
2  L. HARMON; DENISE L. HARMON; JOAN L. MILLER; DONALD G. MILLER; STAN J.
3  PROGAR; MAUREEN C. PROGAR; JANE HALPERN; TODD E. STERLING; CLYDE
4  MERRITT; DARLENE MERRITT; and ROES 1 through 5000, inclusive,
5
6         Plaintiffs,
       v.
7
8  VESTIN REALTY MORTGAGE II, INC., (f/k/a) VESTIN FUND II, LLC, VESTIN
   MORTGAGE, INC., and DOES 1 through 50,
9  Inclusive,
10
         Defendants.
11

12  TO PLAINTIFFS, THEIR ATTORNEYS OF RECORD, AND THE CLERK OF

13  THE ABOVE-ENTITLED COURT:

14         PLEASE TAKE NOTICE that defendants VESTIN REALTY MORTGAGE

15  II, INC. (f/k/a) VESTIN FUND II, LLC, and VESTIN MORTGAGE, INC.

16  ("Vestin") hereby remove this action from the Superior Court of California, County

17  of San Diego to the United States District Court for the Central District of

18  California, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 & 1453.  The grounds for

19  removal are as follows:

20                        **PROCEDURAL HISTORY**

21         1.    On October 13, 2006, the above-captioned Plaintiffs filed a civil action

22  in the Superior Court of California for San Diego County, entitled *Genton v. Vestin*

23  *Realty Mortgage II, Inc.* (Case No. GIC 873968) (the "Superior Court Action").  A

24  true copy of the complaint in the Superior Court Action is attached as Exhibit "A."

25         2.    On or about October 19, 2006, Plaintiffs served the Superior Court

26  Action on Vestin.  True and correct copies of the summons received by Vestin are

27  attached as Exhibit "B."

28
    VESTIN'S NOTICE OF REMOVAL                    2

    la-890501

3.      On November 9, 2006, Plaintiffs filed their First Amended Complaint ("FAC") in the above-entitled action.  A true copy of the FAC is attached as Exhibit "C."[1]

## TIMELINESS OF REMOVAL

4.      Vestin first received formal notice of the Superior Court Action, through service of the summons and complaint on Vestin's registered agent for service of process, on October 19, 2006.

5.      This Notice of Removal is timely under 28 U.S.C. § 1446(b), because it has been filed within 30 days of service upon Vestin of the summons and complaint.

## VENUE IN THE SOUTHERN DISTRICT

6.      Vestin files this Notice of Removal with the United States District Court for the Southern District of California because Plaintiffs allege that the Superior Court Action arose in the County of San Diego. (FAC ¶¶ 3-4, 27-28.)

## BASIS FOR REMOVAL JURISDICTION

7.      _Generally._  The Superior Court Action is removable to this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in relevant part at 28 U.S.C. §§ 1332(d) and 1453(b)) for at least the following reasons:

8.      _Covered Class Action._  Plaintiffs purport to prosecute the Superior Court Action on behalf of a class of "all Vestin Fund II investors who voted against the 'Roll-Up', whereby Vestin Fund II merged into Vestin Realty II."  (FAC ¶ 33.) Plaintiffs allege that "there are at least 1000 members of the proposed class." (FAC ¶ 34.) _See_ 28 U.S.C. §§ 1332(d)(1) & (2), 1453(a) & (b).

9.      _Diversity._  The Superior Court Action satisfies the minimum diversity requirements of CAFA, 28 U.S.C. § 1332(d)(2)(A), for the following reasons:

---

[1] As of the date of this filing, Defendants had not yet been served with the FAC.

a.      Defendant Vestin Realty Mortgage II, Inc. (f/k/a) Vestin Fund II, LLC ("Vestin Realty Mortgage II") is a publicly traded real estate investment trust. It is a corporation organized and existing under the laws of the State of Maryland with its principal place of business located in Las Vegas, Nevada.

b.      Defendant Vestin Mortgage, Inc. is a corporation organized and existing under the laws of the State of Nevada and is licensed there as a mortgage broker.

c.      Plaintiffs allege that the individual members of the purported class are residents of California, Nevada, Texas, Washington, Wisconsin, Montana, Rhode Island, New York, and New Mexico. (FAC ¶¶ 6-26.)

10.     <u>Matter in Controversy.</u>  This amount in controversy of this action exceeds $5,000,000 and thereby satisfies the minimum amount in controversy for removal under 28 U.S.C. § 1332(d)(2). Plaintiffs allege that they suffered "substantial investment losses" (FAC ¶ 37) and have brought causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, and elder abuse pursuant to California Civil Code § 1761. (FAC ¶¶ 41-52.) While Plaintiffs do not explicitly alleged the value of the matter in controversy, they are seeking compensatory damages, punitive and exemplary damages (including treble damages for elder abuse) and attorneys' fees as a result of their investment losses and resulting harm. (*Id.*) A fair reading of the FAC demonstrates that the amount in controversy exceeds the jurisdictional minimum for removal.

11.     <u>No CAFA Exclusions.</u>  The Superior Court Action does not fall within any of the exclusions to the removal jurisdiction recognized by 28 U.S.C. § 1332(d) because Vestin is not a citizen of California, the state in which the Superior Court Action was originally filed.

///

///

1

**NOTICE PROVIDED TO STATE COURT AND ADVERSE PARTIES**

12.    Vestin is filing, on the date of this Notice, a copy of this Notice of Removal in the Superior Court of California, County of San Diego and will provide written notice of this Notice of Removal to Plaintiffs, as required by 28 U.S.C. §§ 1446(d) & 1453(b).  True and correct copies of the Notice to the Clerk of San Diego County Superior Court of Removal to Federal Court (without exhibits) and the Notice to Plaintiffs of Removal to Federal Court (without exhibits) that will be filed with the San Diego County Superior Court are attached hereto as Exhibits "D" and "E."

13.    In filing this Notice of Removal, Vestin does not waive any defenses that may be available to it in this action.

**CONCLUSION**

14.    Vestin respectfully requests that this Court exercise subject matter jurisdiction over the Superior Court Action; enter such orders and grant relief as may be necessary to secure removal and to prevent further proceedings in the Superior Court of California, County of San Diego; and grant to Vestin such further relief as is necessary to secure this Court's jurisdiction.

Dated: November 16, 2006

SEAN T. PROSSER
JAMES P. MANISCALCO
MORRISON & FOERSTER LLP


By:  _James P. Maniscalco by KSG_
      James P. Maniscalco

Attorneys for Defendants
VESTIN REALTY MORTGAGE II,
INC., (f/k/a) VESTIN FUND II, LLC,
and VESTIN MORTGAGE, INC.

## CERTIFICATE OF SERVICE BY MAIL
(Fed. R. Civ. Proc. rule 5(b))

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 12531 High Bluff Drive, San Diego, California 92130; I am not a party to the within cause; I am over the age of eighteen years and I am readily familiar with Morrison & Foerster's practice for collection and processing of correspondence for mailing with the United States Postal Service and know that in the ordinary course of Morrison & Foerster's business practice the document described below will be deposited with the United States Postal Service on the same date that it is placed at Morrison & Foerster with postage thereon fully prepaid for collection and mailing.

I further declare that on the date hereof I served a copy of:

**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441 BY DEFENDANTS VESTIN REALTY MORTGAGE II, INC. (F/K/A) VESTIN FUND II, LLC, AND VESTIN MORTGAGE, INC.**

on the following by placing a true copy thereof enclosed in a sealed envelope addressed as follows for collection and mailing at Morrison & Foerster LLP, 12531 High Bluff Drive, San Diego, California 92130, in accordance with Morrison & Foerster's ordinary business practices:

<u>Attorneys for Plaintiffs</u>

Erwin J. Shustak, Esq.
Thomas C. Frost, Esq.
John Cleary, Esq.
SHUSTAK & PARTNERS, P.C.
401 West "A" Street, Suite 2330
San Diego, CA 92101
Telephone:   (619) 696-9500
Facsimile:   (619) 615-5290

I declare under penalty of perjury that the above is true and correct.

Executed at San Diego, California, this 16th day of November, 2006.

| | |
|---|---|
| Stacy Vinagre | *[signature]* |
| (typed) | (signature) |

VESTIN'S NOTICE OF REMOVAL

la-890501

ORIGINAL

**ORIGINAL**

OJS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

RICHARD G. GENTON, TRUSTEE OF THE RICHARD G. GENTON LIVING TRUST DATED 06/05/01; MARIO O. LOPEZ AND ALICIA L. LOPEZ, TRUSTEES OF THE LOPEZ FAMILY TRUST DATED 12/14/88; CHARLES M. FELTON AND SHARON D. FELTON, TRUSTEES OF THE FELTON FAMILY TRUST DATED 03/25/99; MARY P. FELTON, TRUSTEE OF THE MARY P. FELTON TRUST, DATED 11/03/04; MARLOWE J. LANCASTER AND SHIRLEY C. LANCASTER, TRUSTEES OF THE LANCASTER FAMILY TRUST DATED 06/27/90; RONALD LIGHTERINK; SHERON LIGHTERINK; LUIS G. GUERRERO AND EMILIA GUERRERO, TRUSTEES OF THE GUERRERO FAMILY TRUST DATED 12/19/96; DANIEL DEL FRATE AND MARION DEL FRATE, TRUSTEES OF THE DEL FRATE LIVING TRUST DATED 09/14/99; RALPH H. MCBRIDE, TRUSTEE OF THE RALPH H. MCBRIDE TRUST DATED 04/26/04; JANET S. ANGELOFF; THOMAS L. DUEPPEN; JOYCE B. DUEPPEN; JOEL E. JOBST, TRUSTEE OF THE JOBST FAMILY TRUST DATED 06/17/94; JOSEPH M. AMORIN; EMMET A. SJOBERG AND MARY M. SJOBERG, TRUSTEES OF THE EMMET A. AND MARY M. SJOBERG TRUST DATED 05/02/95; MICHAEL E. COX; FRANCIS COX; DERELL L. HARMON; DENISE L. HARMON; JOAN L. MILLER; DONALD G. MILLER; STAN J. PROGAR; MAUREEN C. PROGAR; JANE HALPERN; TODD E. STERLING; CLYDE MERRITT; DARLENE MERRITT; and ROES 1 through 5000, inclusive,

## DEFENDANTS

VESTIN REALTY MORTGAGE II, INC., (f/k/a) VESTIN FUND II, LLC, VESTIN MORTGAGE, INC. and DOES 1 through 50, Inclusive,

FILED

06 NOV 16 PM 2:22

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

**'06 CV 2517   BEN WMc**

**(b)** County of Residence of First Listed Plaintiff **RIVERSIDE**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed **Clark County, NV**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Erwin J. Shustack, Esq.
Thomas C. Frost, Esq.
John Cleary, Esq.
SHUSTAK & PARTNERS, P.C.
401 West "A" Street, Suite 2330
San Diego, California 92101
Telephone: (619) 696-9500

Attorneys (If Known)

Sean T. Prosser, Esq.
SProsser@mofo.com
James Maniscalco, Esq.
JManiscalco@mofo.com
MORRISON & FOERSTER LLP
555 West Fifth Street, Suite 3500
Los Angeles, California 90013-1024
Telephone: (213) 892-5200

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2  U.S. Government Defendant | ☒ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | Exchange |
| ☒ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | | ☐ 891 Agricultural Acts |

American LegalNet, Inc. | www.USCourtForms.com

131815   Sa 11/16/06   $350

| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | &Disclosure Act | FEDERAL TAX SUITS | 891 Economic Stabilization Act |
|---|---|---|---|---|---|

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

- Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

- SSD Title XVI
- RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

- ☐ 891 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- Transferred from ☐ 5 another district (specify)
- ☐ 6 Multidistrict Litigation
- Appeal to District ☐ 7 Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §§ 1332(d) and 1453(b)
Brief description of cause:
Breach of contract for failure to pay class members pro-rata share of appraised net value of company.

**VII. REQUESTED IN COMPLAINT:** ☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE Kathy Hardcastle   DOCKET NUMBER A528385 (Clark County, NV)

DATE November 16, 2006
SIGNATURE OF ATTORNEY OF RECORD James P. Maniscalco  *James Maniscalco by KSEO*

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

American LegalNet, Inc.   www.USCourtForms.com

UNITED STATES
DISTRICT COURT
Southern District of California
San Diego Division

# 131815 - A1
November 16, 2006

| Code | Case # | Qty | Amount |
|------|--------|-----|--------|
| CV006900 | 3-06-CV-2517 | | 60.00 CH |
| Judge | - BENETIZ | | |
| CV006400 | | | 100.00 CH |
| CV510000 | | | 190.00 CH |

Total-> 350.00

FROM: CIVIL FILING
     BENTON ET AL V. VESTIN REALTY
     MORTGAGE II INC ET AL
     BC# 031624  SH