# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD G. GENTON, TRUSTEE OF THE RICHARD G. GENTON LIVING TRUST DATED 06/05/01, et al.,<br><br>Plaintiff,<br><br>vs.<br><br>VESTIN REALTY MORTGAGE II, INC., (f/k/a) VESTIN FUND II, LLC, et al.,<br><br>Defendant. | CASE NO. 06cv2517-BEN (WMC)<br><br>**ORDER REMANDING CASE TO STATE COURT AND MOOTING OTHER PENDING MOTIONS** |

## I. INTRODUCTION

This case was removed from the California Superior Court for the County of San Diego. Plaintiffs move for remand. For the reasons discussed below, removal was improper. The case is remanded.

## II. FACTS

Plaintiffs are a class of investors who owned Vestin Fund II, LLC ("Vestin") securities and voted against Vestin's merger with Vestin Realty Mortgage, Inc. ("Vestin Realty"). First Amended Complaint ("FAC") ¶ 1. Plaintiffs claim Vestin's Operating Agreement required, in the event of a merger, that the successor entity pay each member who voted against the merger a pro-rata share of the company's appraised net value. *Id.* ¶¶ 2, 36. Defendant Vestin Realty, the successor entity to Vestin upon the merger, allegedly failed to make any payments to Plaintiffs.

1  *Id.* ¶ 36.  Plaintiffs assert causes of action for breach of contract, breach of the implied covenant of
2  good faith and fair dealing, and elder abuse.  *Id.* ¶¶ 41-52.
3    Vestin Realty is incorporated in Maryland.  *Id.* ¶ 28.  Vestin Realty's manager, Defendant
4  Vestin Mortgage, Inc., is incorporated in Nevada.  *Id.* ¶ 29.

## III. THE COURT'S CONTINUING OBLIGATION TO INQUIRE AS TO ITS JURISDICTION

7    Federal courts have limited jurisdictional power and have a continuing duty to confirm
8  their subject matter jurisdiction.  *See Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 94
9  (1998); *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977).
10    In a removal action, a district court must remand a case to state court if, at any time before
11  final judgment, the court determines that it lacks subject matter jurisdiction.  *See* 28 U.S.C. § 1447.
12  Under the Class Action Fairness Act ("CAFA"), the removing party bears the initial burden of
13  proving federal jurisdiction under § 1332(d)(2).  *See Serrano v. 180 Connect, Inc.*, No. 06-17366,
14  at *15-16 (9th Cir. Feb. 22, 2007).   However, the burden shifts to the party seeking remand to
15  prove a CAFA exception applies.  *Id.*
16    Federal courts should ordinarily reject jurisdiction "if there is any doubt as to the right of
17  removal in the first instance."  *See Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).
18  However, CAFA's legislative history instructs that CAFA's jurisdictional provisions "should be
19  read broadly, with a strong preference that interstate class actions should be heard in a Federal
20  court if removed by any defendant."  *See* 151 Cong. Rec. H723-01, H-727 (2005) (statement of
21  Congressman Sensenbrenner).

22  **A.  Legal Standard**

23    CAFA generally grants the district courts original jurisdiction over any class action in
24  which: (1) the aggregate amount in controversy exceeds $5,000,000; (2) any member of a class of
25  plaintiffs is a citizen of a state different from any defendant; (3) the primary defendants are not
26  states, state officials, or other government entities against whom the district court may be
27  foreclosed from ordering relief; and (4) the number of members of the plaintiff class is 100 or
28  more.  *See* 28 U.S.C. §§ 1332(d)(2), (d)(5).

The district court lacks original jurisdiction over such action, however, if the action: solely involves a claim-

> (B) that relates to the internal affairs or governance of a corporation or other form of business enterprise and that arises under or by virtue of the laws of the State in which such corporation or business enterprise is incorporated or organized; or
> (C) that relates to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security (as defined under section 2(a)(1) of the Securities Act of 1933 (15 U.S.C. § 77b(a)(1)) and the regulations issued thereunder).

*See* 28 U.S.C. § 1332(d)(9).

The parties agree that jurisdiction exists under §§ 1332(d)(2) and (d)(5). The parties disagree, however, whether the §§ 1332(d)(9)(B) and (d)(9)(C) exceptions apply. If either exception applies, remand is required.

**B.  Removal is Proper Based on 28 U.S.C. § 1332(d)(9)(B)**

As noted, a district court lacks original jurisdiction if an action solely involves a claim "that arises under or by virtue of the laws of the State in which such corporation or business enterprise is incorporated or organized . . . ." *See* 28 U.S.C. § 1332(d)(9)(B).

In its FAC, Plaintiffs alleges a cause of action for Elder Abuse "[p]ursuant to California Welfare & Institution Code § 15657.5 . . . as well as other applicable States' Elder Abuse Statutes . . . ." FAC ¶ 52. A claim under California law does not arise under the laws of Nevada or Maryland, the undisputed states of Defendants' incorporation or organization.[1] *See Carmona v. Bryant*, No. CV-06-78-S-BLW, 2006 WL 1043987, at *1 (D. Idaho Apr. 19, 2006) (fiduciary duty claim brought under Delaware and Idaho law would not trigger § 1332(d)(9)(B)).

Plaintiffs' assertion that its Elder Abuse claim is not a cause of action is unavailing. California Welfare & Institution Code § 15657.5(b) states that:

> [w]here it is proven by a preponderance of the evidence that a defendant is liable for financial abuse, as defined in Section 15610.30[2], and where it is proven by clear and convincing evidence that the defendant has been guilty of

---

[1] This Court takes no position regarding whether the causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing arise under Nevada or Maryland law.

[2] California Welfare & Institution Code § 15610.30 establishes that "financial abuse occurs when a person or entity "[t]akes, secretes, appropriates, or retains real or personal property of an elder or dependent adult to a wrongful use or with intent to defraud, or both."

1  recklessness, oppression, fraud, or malice in the commission of the abuse, in
   addition to reasonable attorney's fees and costs set forth in subdivision (a), and
2  all other remedies otherwise provided by law . . . .

3 The plain language of the statute is sufficient to create a cause of action. *See United States v.*
4 *Workinger*, 90 F.3d 1409, 1412 (9th Cir. 1996) (if the language of the statute is "reasonably clear .
5 . . that is the end of the inquiry"). Further, California courts have repeatedly found that statutory
6 Elder Abuse represents a cause of action. *See Intrieri v. Superior Court*, 117 Cal. App. 4th 72, 82
7 (2004) ("[t]he elements of a cause of action under the Elder Abuse and Dependent Adults Act . . .
8 are statutory . . . ."); *Negrete v. Fid. and Guar. Life Ins. Co.*, 444 F. Supp. 2d 998, 1002 (C.D. Cal.
9 2006) (finding plaintiff's allegations sufficient to state claim under Elder Abuse Act). Because
10 Plaintiffs' action does not solely involve a claim that arises out of Nevada or Maryland law,
11 removal was proper under § 1332(d)(9)(B).

12 **C.  Removal is Improper Based on 28 U.S.C. § 1332(d)(9)(C)**

13 Even though removal is proper under the § 1332(d)(9)(B) exception, remand is
14 required if removal is improper under another CAFA exception. As noted, a district court
15 lacks original jurisdiction if an action solely involves a claim "that relates to the rights,
16 duties (including fiduciary duties), and obligations relating to or created by or pursuant to
17 any security" as defined by the Securities Act of 1933. *See* 28 U.S.C. § 1332(d)(9)(C).
18 While ownership interest in a LLC is not necessarily a security, Defendants concede
19 Plaintiffs' ownership interest was a security. *See* Opp'n to Mot. to Remand, at 14 (arguing
20 Plaintiffs' claim is "not an obligation created by Vestin's *securities*") (emphasis added).

21 A claim "relates to" or is "pursuant to" a security as required by § 1332(d)(9)(C)
22 where a party relies entirely on ownership of that security to bring an action, and alleges no
23 interest that would allow the party to pursue the case other than ownership in that security.
24 *See Carmona,* 2006 WL 1043987, at *2. "[S]ection 1332(d)(9)(C) covers not only rights,
25 duties and obligations conferred by the terms of security itself, such as voting rights, but
26 also those rights, duties and obligations that are connected with the security." *Estate of Pew*
27 *v. Cardarelli*, No. 5:05-CV-1317, 2006 WL 3524488, at *5 (N.D.N.Y. Dec. 6, 2006).
28 Here, Plaintiffs' claims all arise directly from their membership interest in Vestin.

- 4 -

1 Plaintiffs' breach of contract and breach of implied covenant of good faith and fair dealing
2 claims arise directly from Vestin Realty's alleged failure to pay Plaintiffs their pro rata
3 share as security owners in Vestin as required by the Operating Agreement.  Similarly,
4 Vestin Realty's duty to abstain from statutory Elder Abuse is connected with issuing
5 securities because Plaintiffs would not be able to assert the claim without owning the
6 security.  Defendant's argument that § 1332(d)(9)(C) covers primarily fiduciary duty claims
7 is too narrow.  The plain language of the statute, by adding "including fiduciary duties" in
8 parentheses, *see* § 1332(d)(9)(C), shows a clear intent to cover fiduciary duty claims *in*
9 *addition* to other claims.  Plaintiffs have met their burden of showing the § 1332(d)(9)(C)
10 exception applies.

### D. Plaintiffs' Request for Expenses and Attorney Fees is Denied

12 A district court has the discretion to award expenses and attorney fees incurred from
13 improper removal.  *See* 28 U.S.C. § 1447(c).  The court may award expenses and fees
14 absent a finding of bad faith.  *See Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443,
15 446 (9th Cir. 1992).  The court should give consideration to the merits of removal in
16 deciding whether to award expenses and fees.  *Id.* at 446-47.

17 Very little case law considering the §§ 1332(d)(9)(B) and (d)(9)(C) exceptions exists
18 in this circuit or elsewhere.  *See In re Textainer P'ship Sec. Litig.*, No. C 05-0969 MMC,
19 2005 WL 1791559, at *4 ("no reported decisions have discussed the applicability of the
20 exceptions to CAFA.").  Because the issues presented by the parties are of first impression
21 in this district, Defendants' removal was not unreasonable.  *See Carmona*, 2006 WL
22 1043987, at *3 (denying motion for fees in case of first impression).  Plaintiffs' request for
23 expenses and fees is denied.

24 ///
25 ///
26 ///
27 ///
28 ///

1  ///

2                                    **IV.  CONCLUSION**

3       Pursuant to 28 U.S.C. § 1441(a), this Court remands to the California Superior Court

4  for the County of San Diego.  All other pending motions are Denied as moot.  The Clerk of

5  Court shall mail a certified copy of this Order to the State court.

6       **IT IS SO ORDERED.**

7

8  DATED:  March 9, 2007

9                                                           _____

10                                                         Hon. Roger T. Benitez
                                                            United States District Judge